**Virginia McDUFFEE, et al., Appellees,**

v.

**UNITED STATES of America, Appellant.**

**No. 84–2543.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1985.

Decided August 2, 1985.

Robert Liteig, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellant.

No argument for appellees.

Before McMILLIAN and ARNOLD, Circuit Judges, and SACHS *, District Judge.

SACHS, District Judge.

The district court's denial of the Government's motion to dismiss appellees' (the McDuffees) action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq., is now before this court on an interlocutory appeal.[1] The sole issues to be decided here are whether appellees' administrative and judicial filings were timely under the relevant limitations provision of the FTCA, 28 U.S.C. § 2401(b):

---

\* The HONORABLE HOWARD F. SACHS, United States District Judge for the Western District of Missouri, sitting by designation.

1. The district court certified its ruling for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This court thereafter ordered the matter to be regularly docketed as an appeal.

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues *or* unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. (Emphasis added)

Because we conclude that the district court erroneously construed the six-months limitations period in order to save appellees' federal court complaint, we reverse and hold that the McDuffees' tort claim should be dismissed as time-barred.[2]

The chronology of the material events in this case is as follows: Virginia McDuffee's husband Billie fell on his driveway and hit his head on July 1, 1977. He was examined and released, but then admitted at the Veterans' Administration Hospital in Iowa City, Iowa, on July 4–5. Unsuccessful surgery was performed on the 5th and Billie McDuffee died that same day. An autopsy was performed the day after death and a report, describing the cause of death as "massive intracranial hemorrhage" was prepared on August 8, 1977. Although Mrs. McDuffee received two letters in 1977 from a physician at the hospital discussing the results of the autopsy, she alleges that she did not receive a copy of the autopsy report until about May 15, 1978.

Mrs. McDuffee filed an administrative claim with the Veterans Administration on October 15, 1979. By certified letter dated April 8, 1980, the VA (through District Counsel, William J. O'Keefe) informed her that the agency had made a final denial of her claim.[3] Mrs. McDuffee signed for this letter on April 9, 1980. On Thursday, October 9, 1980, Mrs. McDuffee and her three sons filed the present FTCA action in federal court, alleging that the physicians at the VA Hospital had committed gross negligence in failing to properly diagnose Billie McDuffee's condition and in refusing to initially admit him for treatment.

In ruling the Government's motion to dismiss because of the six-month limitations period (between the date of mailing of the final agency denial and the date of filing of the federal court complaint), the district court noted a split of authority "as to whether such a period is six months or six months and one day." Only if the latter construction were applied would plaintiffs' FTCA complaint be timely. Describing these differing interpretations as raising "a hypertechnical issue of procedure," the district court declined to apply the stricter view given that no definitive or correct way of counting days under the limitations statute had been established at the time of plaintiffs' filings. Accordingly, it offended the court's "notions of fair play" to bar the McDuffees from presenting the merits of their negligence claim in federal court.

It is true that there has been some difference of view among the district judges on this subject. Compare *Bledsoe v. Dept. of Housing and Urban Development*, 398 F.Supp. 315 (E.D.Pa.1975) and *Rodriguez v. United States*, 382 F.Supp. 1 (D.P.R. 1974) with *Murray v. United States Postal Service*, 569 F.Supp. 794 (N.D.N.Y.1983) and *Yedwab v. United States*, 489 F.Supp. 717 (D.N.J.1980). The more recent district court cases reject the theory allowing an extra day beyond the six month "anniversary" date.

---

**2.** In light of this conclusion as to the six-month limitations provision, it is not necessary for the court to rule the separate question of whether the two-year limitation (between accrual of the claim and its presentation to the appropriate federal agency) would also bar a decision on the merits of plaintiffs' tort claim. *See,* however, *Clifford by Clifford v. United States,* 738 F.2d 977, 980 (8th Cir.1984) ("In a death case [under the Federal Tort Claims Act] ... it is fair for the claim to accrue at the time of death.") As will be seen, more than two years elapsed between the death in question and the presentation of the claim.

**3.** Among other things, the letter advised Mrs. McDuffee that "[i]f you are dissatisfied with our decision, you may file suit in an appropriate U.S. District Court not later than six months after the date of mailing of this notice of denial."

The Government's briefing below apparently neglected to call to the attention of the district judge a First Circuit opinion that had already answered this question in its favor some years prior to the events under consideration. *Kollios v. United States,* 512 F.2d 1316 (1st Cir.1975). In that case the court said:

> Appellants' administrative claims were denied by letter dated July 23, 1973. The district court applied the so-called "modern doctrine" for the computation of the six-month period, excluding the initial or trigger day and including the last day of the period. Using this method of calculation and taking July 23 as the trigger day, it is clear that the six-month period described by the statute ended on January 23, 1974.

512 F.2d at 1316–7.

We have no doubt that *Murray, Yedwab* and *Kollios* are correct. Moreover, there is a longstanding practice of this court to follow a ruling of another circuit ("on an unsettled question of federal law") unless "clearly convinced that it is wrong." *E.g., Homan v. United States,* 279 F.2d 767, 773 (8th Cir.), *cert. denied,* 364 U.S. 866, 81 S.Ct. 110, 5 L.Ed.2d 88 (1960).[4]

The judgment below is therefore reversed, with directions to enter judgment in favor of defendant for plaintiffs' noncompliance with the six-month filing requirement of 28 U.S.C. § 2401(b).

---

**4.** We note that it may even be argued that the *Kollios* rule may be too generous by one day, on a theory that the Federal Rules of Civil Procedure are not applicable to statutory time periods. *See, e.g., Rust v. Quality Car Corral, Inc.,* 614 F.2d 1118 (6th Cir.1980) (anniversary date is not "within" one year of the event); *contra,* *Lawson v. Conyers Chrysler, Plymouth, Inc.,* 600 F.2d 465 (5th Cir.1979) (suit on anniversary date is timely); *In re Gotham Provision Co., Inc.,* 669 F.2d 1000, 1014 (5th Cir.), *cert. denied,* 459 U.S. 858, 103 S.Ct. 129, 74 L.Ed.2d 111 (1982) (Rule 6(a) applicable to time calculations under federal statutes).