Toni Marie GERVAIS, By and Through her conservator and legal guardian Connie BREMNER, Plaintiff–Appellant,

v.

UNITED STATES of America and the Bureau of Indian Affairs, Defendants–Appellees.

No. 87–4116.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1988.

Decided Dec. 30, 1988.

William A. Squires, Matteucci & Falcon, Great Falls, Mont., for plaintiff-appellant.

George F. Darragh, Jr. and Carl E. Rostad, Asst. U.S. Attys., Great Falls, Mont., for defendants-appellees.

Before SCHROEDER, ALARCON and NORRIS, Circuit Judges.

SCHROEDER, Circuit Judge:

This is an action under the Federal Tort Claims Act alleging that the negligent operation of a tribal jail facility by the Bureau of Indian Affairs resulted in the attempted suicide and permanent mental retardation of the appellant, Toni Marie Gervais. The district court dismissed the suit for lack of subject matter jurisdiction, holding that the complaint was not timely filed within six months of the denial of the claim by the BIA. 667 F.Supp. 710. This ruling was based upon the court's holding that the appellant's request for reconsideration of the denial of her claim, which if timely would have extended the period for filing the complaint in the district court under 28 C.F.R. § 14.9, was filed one day late. The district court accepted the position of the government that unless an agency employee physically received the request and stamped it "filed" within the six-month period, the request was untimely. We reverse, because the unusual facts in this case show that the request for reconsideration arrived within the six-month period at the place the BIA itself designated for receipt.

Gervais' attempted suicide took place July 13, 1985. Gervais filed a timely claim under the FTCA with the Bureau of Indian Affairs on October 25, 1985. By letter dated March 12, 1986, the agency denied her claim. 28 U.S.C. § 2401(b) provides that:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Under 28 C.F.R. § 14.9(b) a timely request for agency reconsideration, one filed

within six months of the original denial, extends the time in which a claimant may file suit for six months after the filing of the request for reconsideration.[1] Gervais thus had six months from the date of mailing of the denial of the claim by the BIA to request reconsideration by the agency.

The proper method of computing the six-month statute of limitations under 28 U.S.C. § 2401(b) is to exclude the date of mailing of the denial of the claim and include the last day of the six-month period. In effect, the final day of the limitations period is the six-month "anniversary" of the date of mailing of the denial of the claim. *See Hatchell v. United States,* 776 F.2d 244 (9th Cir.1985) (where notice of denial of FTCA claim was mailed January 14, 1981, tort action commenced on July 17, 1981 was three days beyond the statute of limitations). *See also Vernell v. United States Postal Service,* 819 F.2d 108, 111 (5th Cir.1987) (where denial of claim was mailed January 12, six-months limitations period ended July 12). In this case since the denial of the claim was mailed March 12, 1986, appellant had until Friday, September 12, 1986 to file a timely request for reconsideration.

As required by law the agency's letter denying the claim explained that the claimant had the right to file a court action, and the right to request reconsideration by the agency.[2] The relevant portion of the letter read:

> If you are dissatisfied with this determination you are entitled to a reconsideration of your claim by filing *with the undersigned,* within six months after the date of mailing of your determination, a written request for reconsideration setting forth the basis for such request, or you may bring an action in the appropriate United States district court within six months from the date of mailing of this determination. (Emphasis added).

The letter denying the claim was signed by Gerald R. Moore for the Field Solicitor of the BIA, and the letterhead listed his address as P.O. Box 1538, Billings, Montana 59103. It gave no other address.

Gervais mailed a request for reconsideration dated September 9, 1986, to the BIA at the address listed in the agency's letter denying the claim. Unbeknownst to the appellant, the Office of the Solicitor of the Bureau of Indian Affairs had changed its address in the interim. This was because a new post office substation had opened in Billings. Gervais' request, addressed to a box in the old post office, had to be rerouted, causing a delay of at least a day.

An agency employee stamped the request for reconsideration "received" on Monday, September 15, 1986. Because the BIA's customary office procedure was to pick up the Solicitor's mail from the post office early in the morning, before the delivery of that day's mail to the post office, it is apparent that the letter stamped "received" on Monday, September 15 was delivered to the BIA Solicitor's new post office address by at least Saturday, September 13. As the government commendably acknowledged at oral argument, the letter must have been delayed by at least one additional day by the change of address. Therefore, the request for reconsideration must have arrived at the old address, the one the BIA designated in its final denial letter, by Friday, September 12 at the latest.

The fact that the letter was not stamped "received" by the BIA until Monday, September 15 is not controlling. Under the applicable regulations, the request for re-

---

1. 28 C.F.R. § 14.9(b) provides that:
   Prior to the commencement of suit and prior to the expiration of the 6–month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section. Upon timely filing of a request for reconsideration the agency shall have 6 months from the date

   of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of a request for reconsideration.

2. The agency is required to inform claimants of their appeal rights under 28 C.F.R. § 14.9. *See Dyniewicz v. United States,* 742 F.2d 484, 485 (9th Cir.1984).

consideration is deemed "filed" when received by the agency. 28 C.F.R. §§ 14.9(b), 14.2(a). *Cf. Moffitt v. United States*, 430 F.Supp. 34, 36 (E.D.Tenn.1976) (complaint under Federal Tort Claims Act timely where it was filed within the time limit though not stamped as filed until after its expiration).

We hold that in the unusual circumstances of this case, the request for reconsideration was timely filed when it arrived at the address designated by the BIA for receipt. Because the timely request for reconsideration gave the appellant an additional six months to file suit in federal district court, the appellant's complaint filed in district court on October 22, 1986 was also timely filed, and the district court has jurisdiction over her claim.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.