**Nelda MATTSON, Appellant,**

v.

**U.S. WEST COMMUNICATIONS, INC., Service Investment Corporation, doing business as Service Investment Collection Agency, Appellees.**

**No. 91–3025.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 27, 1992.

Decided June 1, 1992.

Todd A. Schweiger, Rapid City, S.D., argued, for appellant.

Craig K. Thompson, Vermillion, S.D., argued, for appellee Service Inv. Corp.

Brenda L. Schnasa, Sioux Falls, S.D., argued, for U.S. West Communications.

Before McMILLIAN, FAGG, and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Nelda Mattson appeals from the district court's[1] judgment dismissing her complaint under 15 U.S.C. §§ 1692 *et seq.* for lack of jurisdiction. We affirm.

## I.

On November 27, 1990, Mattson filed a complaint against U.S. West and against Service Investment Corporation (SIC), alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* Specifically, Mattson alleged that SIC had committed numerous violations of section 1692e. This section provides that "[a] debt collector may not use any false, deceptive, or misleading rep-

resentations or means in connection with the collection of any debt." Section 1692e then sets out a non-exclusive list of sixteen specific violations of the FDCPA. Among other things, it is a violation to represent or imply "that nonpayment of any debt will result in the arrest or imprisonment of any person," 15 U.S.C. § 1692e(4), or to falsely represent or imply "that the consumer committed any crime or other conduct in order to disgrace the consumer." *Id.*, § 1692e(7).

The two letters upon which Mattson's FDCPA complaint is based were dated November 10 and November 27, 1989. The FDCPA statute of limitations provides:

### Jurisdiction

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d). SIC moved for summary judgment on the ground that the complaint was filed more than one year from the dates on which the letters were mailed.[2] The district court granted the motion and dismissed Mattson's complaint against both U.S. West and SIC with prejudice. The district court reasoned that the purpose of the Act was to eliminate abusive debt collection practices. It determined that since the debt collector's conduct in this case was complete on November 27, 1989, the statute of limitations began to run on that date and expired on November 26, 1990. Because the complaint was filed on November 27, 1990, the court held that it was without jurisdiction to consider the complaint.

On appeal, Mattson argues that the district court erred by ruling that: 1) the statute of limitations begins to run the day a debt collector mails a letter allegedly

---

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

2. SIC filed an affidavit asserting that the two letters were mailed on November 13 and November 27, respectively. Because Mattson did not introduce any contrary evidence, the district court deemed these facts admitted.

containing information proscribed by the FDCPA; and 2) the statute of limitations in FDCPA cases expires one day before the anniversary date of the violation.

## II.

Mattson argues that the alleged violation of the FDCPA occurred when she received the letters from SIC. SIC and U.S. West argue that the violation, if any, occurred when the letter was mailed.

■ First, Mattson supports her argument by referring to Congressional intent. The evil that Congress intended to remedy through section 1692(e), she maintains, was the effects of abusive debt collection practices on consumers. In its declaration of purpose, she notes, Congress stated: "Abusive debt collections practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy," *id.*, § 1692(a), and "[e]xisting laws ... for redressing these injuries are inadequate to protect consumers." *Id.*, § 1692(b). Since Congress intended to remedy the effects of abusive debt collection practices, Mattson argues, the date of the receipt of the letter, not its mailing, should be the triggering event for section 1692k(d).

Second, Mattson argues that "[u]nder federal law governing statutes of limitations, a cause of action accrues when all events necessary to state a claim have occurred." *Chevron U.S.A., Inc. v. United States*, 923 F.2d 830 (Fed.Cir.1991) (citations omitted). She contends that under section 1692e, no claim of an FDCPA violation accrues until the violative communication is represented, communicated, or implied to the consumer. Thus, on November 27, 1989, the date on which the last letter was mailed, Mattson had not suffered a harm that the FDCPA intended to remedy because SIC had not yet communicated, represented, or implied anything to her. *See Seabrook v. Onondaga Bureau of Medical Economics, Inc.*, 705 F.Supp. 81, 83 (N.D.N.Y.1989) (*dictum*) (Under section 1692k(d), "[t]he violation could occur on the date the letter was sent; or, more likely, the violation could occur on the date the debtor received the communication which supposedly violated the FDCPA.").

We agree with the district court's interpretation of the FDCPA. While we understand that Congress' ultimate objective was to protect consumers from harassment by debt collectors, Congress intended to achieve this purpose by regulating the conduct of debt collectors. 15 U.S.C. § 1692(e) ("It is the purpose of this title to eliminate abusive debt collection practices...."); *see also id.*, § 1692d (A debt collector "may not engage in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."). Once SIC placed the letters in the mail, its conduct with respect to any violation of the FDCPA was complete. The date on which SIC mailed the letters was its last opportunity to comply with the FDCPA, and the mailing of the letters, therefore, triggered section 1692k(d).

The district court also reasoned that the date of mailing is a date which may be "fixed by objective and visible standards," one which is easy to determine, ascertainable by both parties, and may be easily applied. We agree that this is the better and more practical approach.

## III.

■ Mattson next argues that even if the violation occurred on November 27, 1989, this date is not to be counted when computing the statute of limitations, and thus her complaint was filed in a timely manner. Reduced to its essential form, the question raised by Mattson is whether Federal Rule of Civil Procedure 6(a) should be applied when computing the one-year period. Rule 6(a) provides: "In computing any period of time prescribed or allowed by ... any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included...."

Mattson argues that since the FDCPA is a remedial statute, and since Rule 6(a) "had the concurrence of Congress," this court should use Rule 6(a) to compute the limitations period. *Union Nat'l Bank of Wich-*

*ita, Kan. v. Lamb,* 337 U.S. 38, 41, 69 S.Ct. 911, 912–13, 93 L.Ed. 1190 (1949) (applying Rule 6(a) to Petition for Certiorari limitation period); *In re Gotham Provision Co., Inc.,* 669 F.2d 1000, 1014 (5th Cir.), *cert. denied,* 459 U.S. 858, 103 S.Ct. 129, 74 L.Ed.2d 111 (1982) (Packers and Stockyards Act's thirty-day notice and filing period); *Lawson v. Conyers Chrysler, Plymouth, etc.,* 600 F.2d 465, 466 (5th Cir.1979) (applying Rule 6(a) to Truth in Lending Act's (TILA) one-year limitation period).

Mattson further argues that *McDuffee v. United States,* 769 F.2d 492 (8th Cir.1985), supports her position. In *McDuffee,* we held that the district court erred in allowing the plaintiff an extra day beyond the anniversary date of the event triggering the running of the statute of limitations to file her claim.[3] Mattson argues that since her claim was filed on the anniversary date, it was timely. *McDuffee,* however, did not hold that the anniversary date was the appropriate measure. Rather, the court held only that the anniversary date plus one day was excessive. Indeed, the court noted in *dictum* that the anniversary date "may be too generous by one day." *Id.* at 494 n. 4.

U.S. West and SIC counter that section 1692k(d) is a jurisdictional statute. Since Rule 6(a) cannot apply until the court has jurisdiction, they argue, the court cannot apply Rule 6(a) to determine whether jurisdiction exists. *See* Fed.R.Civ.P. 82 ("rules shall not be construed to extend or limit the jurisdiction of the United States district courts"). U.S. West and SIC contend, therefore, that if the violation occurred on November 27, 1989, Mattson had 365 days beginning on that date to file her claim. This period ended on November 26, 1990, 365 days later. *See Rust v. Quality Car Corral, Inc.,* 614 F.2d 1118 (6th Cir.1980) (TILA case applying this approach). We agree.

First, the Supreme Court decision in *Lamb, supra,* is distinguishable because it applies "only to proceedings had after the institution of the suit, such as the taking of an appeal, and has no application to the late institution of an action." *Wirtz v. Peninsula Shipbuilders Ass'n,* 382 F.2d 237, 239 (4th Cir.1967). Second, if Mattson's position is accepted, her claim would be timely though filed 366 days "from the date on which the violation occur[red]." 15 U.S.C. § 1692k(d). This result would extend the jurisdiction of federal courts by one day; Rule 82 prohibits such a result.

We note that "[s]tatutes of limitations are not simply technicalities; on the contrary, they have long been respected as fundamental to a well ordered judicial system." *Board of Regents v. Tomanio,* 446 U.S. 478, 487, 100 S.Ct. 1790, 1796, 64 L.Ed.2d 440 (1980). We are not at liberty to disregard the jurisdictional limitations Congress has placed upon the federal courts, however appealing it might be to interpret section 1692k(d) in such a way as to permit Mattson's action to proceed.

We have considered Mattson's remaining argument and reject it as without merit.

The judgment of the district court is affirmed.

McMILLIAN, Circuit Judge, dissenting.

Because I disagree with the majority's interpretation of the statute of limitations under the FDCPA, I respectfully dissent.

In my opinion, when a statute states "[a]n action ... may be brought ... *within one year* from the date on which the violation occurs," its plain meaning is that an action may be brought on or before the one-year anniversary of the date on which the violation occurred. For example, if the violation occurred on January 1, 1991, a claimant must file on or before January 1, 1992. Likewise, a six-month limitation period would end on the six-month anniversary date of the triggering event. Under this approach, sometimes referred to as the "modern doctrine," federal statutes of limitations are interpreted by following the principles set forth in Rule 6(a) of the Federal Rules of Civil Procedure.

---

**3.** In *McDuffee,* the six month limitations period began to run on April 8 and the plaintiff's claim was filed October 9. The so-called anniversary date was October 8.

The modern doctrine has been widely adopted by federal courts in interpreting federal statutes of limitations. *See Gervais v. United States*, 865 F.2d 196, 197 (9th Cir.1988) (six-month limitations period under Federal Tort Claims Act (FTCA) statute of limitations [4] ends on six-month anniversary date of mailing of denial of claim); *Maahs v. United States*, 840 F.2d 863, 866–67 (11th Cir.1988) ("joining the majority of circuits that have dealt with this issue," Rule 6(a) applies to FTCA statute of limitations; general policy is that Rule 6(a) applies to federal statutes enacted or amended after promulgation of the rule [5]); *Monkelis v. Mobay Chemical*, 827 F.2d 937, 938 (3d Cir.1987) ("In determining the final date of the limitations period, we follow the method of calculation used in Fed.R.Civ.P. 6(a) at least in nondiversity cases."); *Tribue v. United States*, 826 F.2d 633, 635 (7th Cir.1987) (FTCA six-month limitations period runs from the day after the triggering event occurs through the day before the same calendar date six months later, i.e., ends on anniversary date or, in some cases, one day after [6]); *In re Gotham Provision Co.*, 669 F.2d 1000, 1014 (5th Cir.) ("[t]his court has consistently used Rule 6(a)'s method for computing federal statutory time limitations") (*citing Lawson v. Conyers Chrysler, Plymouth, & Dodge Trucks, Inc.*, 600 F.2d 465, 466 (5th Cir. 1979) (holding that Truth in Lending Act's one-year statute of limitations [7] begins to run on day after triggering event and ends on one-year anniversary of date of triggering event)), *cert. denied*, 459 U.S. 858, 103 S.Ct. 129, 74 L.Ed.2d 111 (1982); *Kollios v. United States*, 512 F.2d 1316, 1317 (1st Cir.1975) (*Kollios*) (under "modern doctrine," computation of six-month statute of limitations under FTCA excludes initial or trigger day and includes last day of six-month period, i.e., anniversary date); *Winters v. United States Postal Service*, 721 F.Supp. 1388, 1389 n. 2 (D.D.C.1989) (noting that courts are in agreement that six-month limitation period under the FTCA begins to run the day after the triggering event, but are split as to whether the period ends on the six-month anniversary date or one day after); *Murray v. United States Postal Service*, 569 F.Supp. 794, 796 (N.D.N.Y.1983) (*Murray*) (limitation period under FTCA began to run the day after the mailing of the agency notice and ended on six-month anniversary date); *Yedwab v. United States*, 489 F.Supp. 717, 719 (D.N.J. 1980) (*Yedwab*) (FTCA statute of limitations, "like Rule 6(a), excludes the day of the event and includes the last day of the specified period").

By contrast, *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir.1980), cited by the majority, is the only case interpreting a federal statute of limitations so that the limitation period expires on the day *before* the pertinent anniversary date.

The majority opinion also rejects *McDuffee v. United States*, 769 F.2d 492 (8th Cir.1985) (*McDuffee*), involving the six-month statute of limitations under the FTCA, as support in this circuit for the modern doctrine. I agree that *McDuffee*, strictly limited to its holding, merely rejects an "anniversary date plus one" rule. However, when read in its entirety, I believe that *McDuffee* certainly favors application of the modern doctrine. We stated in *McDuffee* "[w]e have no doubt that *Mur-*

**4.** 28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

**5.** Rule 6(a) was adopted in 1937; 15 U.S.C. § 1692d(k) was enacted in 1977 and became effective in 1978.

**6.** Under this rule, the limitations period will always end on the anniversary date, unless the triggering event occurred on the last day of the month, in which case, the limitations period may end one day after the anniversary date. *Tribue v. United States*, 826 F.2d 633, 635 (7th Cir.1987).

**7.** 15 U.S.C. § 1640(e) provides in pertinent part: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."

*ray, Yedwab,* and *Kollios,* are correct." *Id.* at 494. As we recognized in *McDuffee,* each of those cases applied the modern doctrine and held that the six-month statute of limitations under the FTCA ends on the six-month anniversary date. In fact, our statement of agreement with *Murray, Yedwab,* and *Kollios* directly followed this quote from *Kollios:*

> Appellants' administrative claims were denied by letter dated July 23, 1973. The district court applied the so-called "modern doctrine" for the computation of the six-month period, excluding the initial or trigger day and including the last day of the period. Using this method of calculation and taking July 23 as the trigger day, it is clear that the six-month statute ended on January 23, 1974.

512 F.2d at 1316–17 (*cited in McDuffee,* 769 F.2d at 494). Similarly, in the present case, if the triggering event occurred on November 27, 1989, the one-year limitation period under 15 U.S.C. § 1692k(d) should have ended on November 27, 1990, the date the complaint was filed. I would therefore reverse the judgment of the district court insofar as it dismisses Mattson's claims arising out of the letter dated November 27, 1989.[8]

---

**8.** Under this approach, it would be unnecessary to reach the issue of whether, under 15 U.S.C. § 1692k(d), the violations occurred on the dates of mailing or the dates of receipt of the allegedly unlawful letters. Under either approach, claims arising out of the letter dated November 10, 1989, would be time-barred and those arising out of the letter dated November 27, 1989, would not.