**In re SOUTHERN TECHNICAL COLLEGE, INC.**

**SOUTHERN TECHNICAL COLLEGE, Plaintiff,**

v.

**ARKANSAS TELEVISION COMPANY, Defendant.**

**Bankruptcy No. 92–41095S. Adv. No. 94–4099.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Order Denying Motion to Dismiss Aug. 22, 1994.

Order Denying Motion for Reconsideration Aug. 30, 1994.

Charles Camp, Little Rock, AR, for debtor-plaintiff.

Richard Kalkbrenner, Little Rock, AR, for defendant.

### ORDER DENYING MOTION TO DISMISS

MARY D. SCOTT, Bankruptcy Judge.

This Cause came before the Court upon the Motion to Dismiss, filed by the defendant on June 2, 1994, and amended on August 22, 1994. The motion alleges that the adversary proceeding was not filed within the statutory two-year limitations period. The debtor filed a Chapter 11 bankruptcy petition on April 28, 1992. This adversary proceeding was filed on April 28, 1994, two years later. A plain reading of Rule 9006(a), Fed.R.Bankr.Proc., indicates that the debtor-in-possession, against whom the limitations period is applicable, timely filed the complaint. *See Lawson v. Conyers Chrysler, Plymouth & Dodge Trucks, Inc.*, 600 F.2d 465 (5th Cir.1979); *Krajci v. Provident Consumer Discount Co.*, 525 F.Supp. 145, 150 (E.D.Pa.1981) *aff'd*, 688 F.2d 822 (3d Cir.1982) ("[P]laintiff's complaint filed on the anniversary of the transaction date was timely filed."); *Smith v. Kenny*, 84 F.R.D. 113 (D.V.I.1979) (anniversary of the transaction date fell on a holiday); *Bulls v. Holmes*, 403 F.Supp. 475, 478 (E.D.Va.1975) ("Turning to the case at hand, it appears that plaintiff has filed his action within the statutory period. The alleged discriminatory action occurred June 26, 1973 and this action was filed June 26, 1975. The day of the act from which the statute of limitations begins to run is not included in computing the period."). *See also McDuffee v. United States*, 769 F.2d 492 (8th Cir.1985). Accordingly, it is

**ORDERED** that the Motion to Dismiss, filed on June 2, 1994, and amended on August 22, 1994, is DENIED. Defendant shall file its Answer to the Complaint within fifteen (15) days of entry of this Order.

**IT IS SO ORDERED.**

### ORDER DENYING MOTION FOR RECONSIDERATION

This Cause came before the Court upon the defendant's Motion for Reconsideration, filed on August 23, 1994. On August 22, 1994, this Court entered an Order denying the defendant's Motion to Dismiss, on the grounds that the complaint in this adversary proceeding was not barred by the statute of limitations. The motion to dismiss alleged that the adversary proceeding was not filed within the statutory two-year limitations period, 11 U.S.C. § 546, because the debtor filed a Chapter 11 bankruptcy petition on April 28, 1992, but did not file the adversary proceeding until the two-year anniversary date, April 28, 1994. The defendant asks the Court to reconsider, again urging the application of the Eighth Circuit Court of Appeals decision *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259 (8th Cir.1992).

Rule 9006(a), Federal Rules of Bankruptcy Procedure, applicable to this action, *Boatman v. Furnia (In re Sutera)*, 157 B.R. 519 (Bankr.D.Conn.1993), provides that, in computing any period of time prescribed by any applicable statute, the date of the event from which the designated period of time begins to run is not included, but that the last day of the period is included. Thus, in this case, one begins counting forward for two years from Wednesday, April 29, 1992. Counting in this manner, two years from April 29, 1992, is Thursday, April 28, 1994. Having been filed on that day, the complaint was timely filed. *See Lawson v. Conyers Chrysler, Plymouth & Dodge Trucks, Inc.*, 600 F.2d 465 (5th Cir.1979); *Krajci v. Provident Consumer Discount · Co.*, 525 F.Supp. 145, 150 (E.D.Pa.1981), *aff'd*, 688 F.2d 822 (3d Cir.1982) ("[P]laintiff's complaint filed on the anniversary of the transaction date was timely filed."); *Smith v. Kenny*, 84 F.R.D. 113 (D.V.I.1979) (anniversary of the transaction date fell on a holiday); *Bulls v. Holmes*, 403 F.Supp. 475, 478 (E.D.Va.1975) ("Turning to the case at hand, it appears that plaintiff has filed his action within the statutory period. The alleged discriminatory action occurred June 26, 1973 and this action was filed June 26, 1975. The day of the act from which the statute of limitations begins to run is not included in computing the period."). *See also McDuffee v. United States*, 769 F.2d 492 (8th Cir.1985) (applying the "modern doctrine" in interpreting federal statutes of limitations, *i.e.*, Rule 6 applies); *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 262–63 & n. 6 (8th Cir.1992) (McMillian, J., dissenting) (applying Rule 6(a) and demonstrating

counting method under modern doctrine and *McDuffee* ).

The Eighth Circuit Court of Appeals analysis in *Mattson,* 967 F.2d 259, is inapplicable to this case because Rule 6(a), Federal Rules of Civil Procedure, did not apply to the particular statute in issue, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* Since Rule 6(a) did not apply, the court began counting the limitations period *on 'the date of the event,* rather than the next day as is required under Rule 6(a) and Rule 9006(a). Thus, in the Eighth Circuit, under the Fair Debt Collection Practices Act, with the counting beginning on the date of the event (in *Mattson,* November 27, 1989), the statute of limitations expires on the day prior to the anniversary date (in *Mattson,* November 26, 1990).

Since *Mattson* applied a different counting method than is applicable in this case, *Mattson* itself is inapplicable. Inasmuch as the complaint was filed on the two-year anniversary date of the filing of the petition-in-bankruptcy, it is not barred by the statute of limitations. Accordingly, it is

**ORDERED** that the Defendant's Motion for Reconsideration, filed on August 23, 1994, is DENIED.

**IT IS SO ORDERED.**