[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-12777

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 23, 2004
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00293-CV-AR-M

AMERICAN CANOE ASSOCIATION,
INC., SIERRA CLUB,

                                        Plaintiffs-Appellants,

versus

ATTALLA, CITY OF,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(March 23, 2004)**

Before MARCUS and WILSON, Circuit Judges, and LIMBAUGH[*], District
Judge.

PER CURIAM:

_____

[*]Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of
Missouri, sitting by designation.

Plaintiffs-Appellants American Canoe Association and the Sierra Club appeal the district court's dismissal of their private citizen suit under the Federal Water Pollution Control Act, 33 U.S.C. § 1251 (the "Clean Water Act"). No reversible error has been shown; we affirm.

The sole issue before us in this appeal is the applicability of Fed.R.Civ.P. 6(a) to the notice requirements of section 505(b)(1) of the Clean Water Act, 33 U.S.C. § 1365(b)(1). Section 505(b)(1) prescribes a 60-day period after notice of a claimed violation of the Act during which a private citizen must refrain from suit, and during which the government exclusively may initiate suit.[1] The district court concluded that Rule 6(a) governs the computation of the 60-day notice period under 505(b). The district court concluded further that Plaintiffs' suit -- filed on the 61st day and filed on the same day that the state initiated enforcement

---

[1]Section 505(b) provides, in relevant part:

(b) Notice

No action may be commenced--

(1) under subsection (a)(1) of this section--

(A) prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order, or

(B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation . . . .

proceedings -- was prematurely filed because the 60th day, which was a Sunday, did not count.

Rule 6(a) reads:

> (a) Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

This circuit has long recognized as a general policy a legislative intent to apply Rule 6(a) to all federal statutes enacted or amended after the adoption of Rule 6(a). See, e.g., Wilkes v. United States, 192 F.2d 128, 129 (5th Cir. 1951); Maahs v. United States, 840 F.2d 863 (11th Cir. 1988). This policy generally prevails unless the statute in question itself reflects a contrary intent. See Lee v. United States, 977 F.2d 551, 552 (11th Cir. 1992) (recognizing general policy of circuit to apply Rule 6(a) but concluding Congress expressed contrary intent in Servicemen's Group Life Insurance statute, 38 U.S.C. § 768 (1988)). The Clean Water Act is silent on how the 60-day notice period is to be calculated; no intent contrary to application of Rule 6(a) is expressed or inferable from the statute.

Plaintiffs advance several arguments against application of Rule 6(a) generally to Section 505's notice requirements and specifically in this case. We find none of these arguments persuasive.

Plaintiffs contend that Rule 6(a) has no application to Section 505 because Rule 6(a) applies only when a paper must be filed or some other act taken within a prescribed time. Because Plaintiffs were required to do nothing within the 60-period, no reason for extending the 60-day period to a day when the courts are open triggers application of Rule 6(a). But the very terms of Rule 6(a) suggest no such limitation. Instead, Rule 6(a) applies "in computing any period of time," and provides that "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court . . . ." Fed.R.Civ.P. 6(a) (emphasis added). Plaintiffs ignore the disjunctive in Rule 6(a). Clearly, the application of Rule 6(a) when the last day of the prescribed time period is a Sunday is not limited to time periods during which an act must be taken.

Plaintiffs also argue that Rule 6(a) should not apply because on the date on which the 60-day period expired, Plaintiffs could file no citizen suit anyway, and so there was no need to extend the period through the following day. From this perspective, no reason for extension applies because the fact that the 60th day was

a Sunday was irrelevant. Plaintiffs argue further that because they filed suit on Monday -- the 61st day -- nothing triggers application of Rule 6(a) in this case. But this argument ignores that the Clean Water Act affords governmental entities (and the violators) a full 60 days to consider and to take action. See Hallstrom v. Tillamook County, 493 U.S. 20, 28-30, 110 S.Ct. 304, 310-11 (1989) (discussing notice and delay requirements of the Clean Air Act). Since it was impossible for the government to file suit on Sunday, then if the plaintiffs had been able to sue on Monday, it would have effectively deprived the government of the full 60 days to file suit as the sole plaintiff seeking enforcement against that defendant.

Plaintiffs argue that our applications of Rule 6(a) to other statutes are distinguishable because here the 60-day period prescribed in section 505 is not a statute of limitations; the governmental entities are at liberty to act after the 60 days have run and after a citizen suit has been filed. Again, we see no good reason why the time computations of Rule 6(a) should apply only when the time measurement involves a statute of limitation.[2] And, in any event, the 60-day notice period acts much like a statute of limitation by delimiting the period during

---

[2]In addition, we have held that Rule 6(a) applies to a time period that, like Section 505, was not a statute of limitations but was a different type of time limit for bringing suit. In Maahs, we applied Rule 6(a) to the time period allowed for bringing actions under the Federal Tort Claims Act, which is not a statute of limitations, because "[w]hile a statute of limitations would bar an otherwise valid suit after a certain period, under the FTCA the very right to sue evaporates after the expiration of the stated time." Maahs, 840 F.2d at 866 n.4.

which the governmental entities can control exclusively enforcement actions. The notice requirement serves to "effectuate Congress's preference that the Act be enforced by governmental prosecution." Nat'l Environmental Foundation v. ABC Rail Corp., 926 F.2d 1096, 1099 (11th Cir. 1991).

Plaintiffs contend for the first time on appeal that Rule 82 of the Federal Rules of Civil Procedure bars application of Rule 6(a) to jurisdictional periods. Fed.R.Civ.P. 82 provides that the Federal Rules of Civil Procedure are not to be "construed to extend or limit the jurisdiction" of the district court. Because the 60-day notice period in environmental statutes is a mandatory condition precedent to commencing suit that the district courts may not disregard, see Hallstrom, 493 U.S. at 30, 110 S.Ct. at 311 (holding 60-day period mandatory under Resource Conservation and Recovery Act); Nat'l Environmental Foundation, 926 F.2d at 1097-98 (11th Cir. 1991) (same under the Clean Water Act), Plaintiffs argue that it is jurisdictional in nature.

In Hallstrom, the parties raised the issue whether the notice provision was jurisdictional or procedural; the Supreme Court concluded that Hallstrom required no determination whether the notice requirement was "jurisdictional in the strict sense of the term." Hallstrom, 493 U.S. at 31, 110 S.Ct. at 311. We have consistently applied Rule 6(a) in computing federal statutes of limitation. See, e.g.,

Moore v. Campbell, 344 F.3d 1313, 1319 (11th Cir. 2003); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam); Maloy v. Phillips, 64 F.3d 607, 608 (11th Cir. 1995);  Lawson v. Conyers Chrysler, Plymouth, Etc., 600 F.2d 465, 465-66 (5th Cir.1979).[3]  And in Pugh v. Brook, 158 F.3d 530, 535-36 (11th Cir. 1998), we rejected the argument that application of Bankruptcy Rule 9006(a) -- a rule equivalent to Rule 6(a) for bankruptcy proceedings -- to time limitations on commencing proceedings impermissibly expanded jurisdiction. Pugh concluded that the limitations period was waivable.  Defendants argue that our application of Rule 6(a) to statutes of limitation implicitly holds that Rule 82 does not bar its use.

The Fifth Circuit expressly has rejected jurisdictional challenges -- raised for the first time on appeal -- based on non-compliance with the notice requirements in the citizen-suit context.  In Sierra Club v. Yeutter, 926 F.2d 429 (5th Cir. 1991), the Fifth Circuit concluded that a notice and delay requirement in the Endangered Species Act, 16 U.S.C. § 1540(g)(2)(A) -- substantially the same as its counterpart in the Clean Water Act -- "though clearly mandatory, is not jurisdictional 'in the strict sense of the term' and hence may not be availed of for

---

[3]In Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981)(en banc), we adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 12, 1981.

7

the first time on appeal by an appellant seeking reversal of an adverse trial court judgment on that basis." Id. at 437. In Lockett v. E.P.A., 319 F.3d 678, 682-83 (5th Cir. 2003), that court determined that the Yeutter conclusion applied to a jurisdictional challenge based on the 60-notice provisions of the Clean Water Act raised for the first time on appeal. We agree; as the Fifth Circuit observed, although subject matter jurisdiction may be raised at any time, the notice requirement is more procedural than jurisdictional. Lockett, 319 F.3d at 682.

Plaintiffs contend once again that the 60-day notice period is no statute of limitation and precedents applicable to statutes of limitation are inapposite. As we have noted, the 60-day notice requirement serves much the same purpose as a statute of limitation in that it circumscribes the period during which governmental entities enjoy free rein over enforcement and can take acts which, if diligently prosecuted, preclude a citizen suit. We see no reason why Rule 82 should act any more as a bar on Rule 6(a)'s application to Section 505(b) than it does on statutes of limitation.

We conclude that application of Rule 6(a)'s computational rules presents no offense to Rule 82's command that the Federal Rules of Civil Procedure neither limit nor expand district court jurisdiction. Instead, we are persuaded that the computational rules of Rules 6(a) (and its counterpart Rule 26(a) of the Federal

8

Rules of Appellate Procedure) have no impact on the court's jurisdiction; "these rules do nothing more than provide the court and the parties with a means of determining the beginning and end of a statute of limitations prescribed elsewhere in law."  Bartlik v. United States Dept. of Labor, 62 F.3d 163, 166 (6th Cir. 1995); see also Frey v. Woodard, 748 F.2d 173, 175 (3rd Cir. 1984) (Fed.R.Civ.P. 82 not breached by applying Rule 6(a) to compute timeliness of filing under Federal Tort Claims Act).[4]  Indeed, a contrary holding that Rule 82 bars application of Rule 6(a) to statutorily prescribed time periods like Section 505 would render Rule 6(a) virtually nugatory.  Absent a specific statutory provision directing otherwise, Rule 6(a) bespeaks the legislature's intentions on how prescribed periods should be

---

[4]Mattson v. U.S. West Communications, Inc., 967 F.2d 259, 262 (8th Cir. 1992), in which the Eighth Circuit refused to apply Rule 6(a) to time computations under the Fair Debt Collection Practices Act, is to the contrary, but it appears to stand alone. See Johnson v. Riddle, 305 F.3d 1107, 1115 (10th Cir. 2002) ("Apparently, every other circuit to have weighed in on the issue has rejected the position adopted by Mattson; indeed, two circuits termed the position later adopted by Mattson 'frivolous.'" (citations omitted)).

In Maloy, which addressed the same statute of limitations at issue in Mattson, we explicitly declined to follow Mattson's holding that Rule 6(a) should not apply to this statute of limitations (though we agreed with other aspects of that ruling).  We held: "We find the reasoning of the Eighth Circuit persuasive and adopt the approach used in Mattson, save for the calculation of the days from the mailing of the collection letter. As stated above, in computing the statute of limitations we will exclude the mailing date as the triggering date of the alleged . . . violation in accordance with Rule 6(a)." Maloy, 64 F.3d at 608 (emphasis added).

9

measured.[5]  We see no impermissible expansion or contraction of jurisdiction as a consequence of applying Rule 6(a)'s computational rules.

AFFIRMED.

---

[5]Accepting Plaintiffs's argument would create an anomalous result: a Plaintiff could start the notice period running on a date that would reduce the notice period (and the period of statutory delay) to as few as 57 days.  We think the legislature intended otherwise; "the citizen suit is meant to supplement rather than to supplant governmental action."  Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 60, 108 S.Ct. 376, 383, 98 L. Ed. 2d 306 (1987).