BEAM, Circuit Judge,
dissenting,
Because I would affirm the district court’s correct conclusion that Personal Representative Nancy Mader (Mader) is jurisdictionally barred from advancing her FTCA claim, I respectfully dissent.
*1005 In its quest to formulate a result that the panel majority apparently finds more favorable to its exotic legal and policy notions, the court summarily rejects clearly established law and precedent applicable to three issues presented. Specifically, the majority rejects two instances of binding Eighth Circuit precedent and, in addition, snubs clearly formulated Nebraska law as established by legislative mandate and Nebraska Supreme Court opinion. With this approach, I disagree.
I.
First and foremost, the court very reluctantly and incorrectly, addresses whether Mader timely presented her FTCA claim. “Federal subject matter jurisdiction ... must be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking.” Alumax Mill Prods., Inc. v. Congress Fin. Corp., 912 F.2d 996, 1002 (8th Cir.1990) (quotation omitted). Because Mader’s compliance with the FTCA’s statute of limitations is a jurisdictional prerequisite to bringing a suit against the United States, T.L. ex rel. Ingram v. United States, 443 F.3d 956, 961 (8th Cir.2006), and there is a question as to whether Mader timely presented her claim, we must begin, not end, with this issue.
28 U.S.C. § 2401(b) provides that an FTCA claim “shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.” An FTCA claim accrues when “the plaintiff knows or reasonably should know both the existence and cause of the injury.” Slaaten v. United States, 990 F.2d 1038, 1041 (8th Cir. 1993). In death cases, “it is fair for the claim to accrue at the time of death.” Clifford ex rel. Clifford v. United States, 738 F.2d 977, 980 (8th Cir.1984). Here, Mr. Mader’s death certificate reports that he died at 11:00 p.m. on August 3, 2004, immediately following a self-inflicted gunshot to the head.[6] Thus, Mader’s claim accrued on August 3, 2004.
Next, an FTCA claim is “presented” when the appropriate federal agency receives the claim, not when it is mailed. See 28 C.F.R. § 14.2(a); Drazan v. United States, 762 F.2d 56, 58 (7th Cir.1985) (“[MJailing [an FTCA claim] is not presenting; there must be receipt.”). The record reveals that Mader’s attorney mailed a Standard Form 95, Claim for Damage, Injury, or Death to the Department of Veteran Affairs (VA) via overnight mail on August 2, 2006, and the VA received the form on August 3, 2006. Accordingly, Mader purports to have “presented” her alleged claim on August 3, 2006.
Thus, Mader’s claim accrued on August 3, 2004, if she timely became the personal representative (PR) of Mr. Mader’s estate, and was presented on August 3, 2006, if she remained the PR on that date. This raises the question of whether the final allowable day to present Mader’s claim under § 2401(b) was (1) August 2, 2006 — ■ i.e., two “calendar years” from the date of Mr. Mader’s death; or (2) August 3, 2006 — i.e., the “anniversary date” of Mr. Mader’s death.[7] If the calendar-year *1006 method of computation applies, Mader presented her claim one day late; if the anniversary method applies, Mader timely presented her claim on the anniversary date of Mr. Mader’s death.
Several of our sister circuits have applied Federal Rule of Civil Procedure 6(a), which embodies the anniversary method, to calculate § 2401(b)’s limitation periods. See, e.g., Maahs v. United States, 840 F.2d 863, 866-67 (11th Cir.1988); Hart v. United States, 817 F.2d 78, 80 (9th Cir.1987) (per curiam); Frey v. Woodard, 748 F.2d 173, 175 (3d Cir.1984). But, this circuit does not apply the Rule 6(a) anniversary date to compute jurisdictional statutes of limitations, it uses the calendar-year method. See Mattson v. U.S. W. Commc’ns, Inc., 967 F.2d 259, 262 (8th Cir.1992). Given that § 2401(b) is a jurisdictional statute of limitations, T.L. ex rel. Ingram, 443 F.3d at 961, this panel cannot apply Rule 6(a) to resolve the timeliness issue presented in this case.
Although Rule 6(a) does not apply, some still argue that the language of § 2401(b) adopts the anniversary method of calculation. See Maahs, 840 F.2d at 865-66 (discussing various possible interpretations of § 2401(b)). However, our decision in Mattson forecloses this argument. The statute of limitations at issue in Mattson required claimants to bring actions under the Fair Debt Collection Practices Act (FDCPA) “within one year from the date on which the [FDCPA] violation occurs.” 15 U.S.C. § 1692k(d); see Mattson, 967 F.2d at 260. There, the FDCPA violation in question occurred on November 27, 1989, and the claimant brought her action on November 27, 1990. Mattson, 967 F.2d at 260-62. The court interpreted the phrase “within one year from [the violation date]” to give the claimant 365 days beginning on the violation date to bring her action. Id. at 262. In other words, the calendar-year method was applied and the claimant was deemed to have filed her claim one day late. Id.
While the statute in Mattson required a claimant to bring her FDCPA action “within one year from [the violation date],” § 2401(b) required Mader to present her FTCA claim “within two years after such claim accrues.” The only relevant difference between these phrases is § 2401(b)’s use of the term “after” instead of “from.” “The words ‘from’ and ‘after’ are frequently employed as adverbs of time, and when used with reference to time are generally treated as having the same meaning.” 86 C.J.S. Time § 17 (2006).[8] Notably, there is “some difference of opinion as to whether the words are used as inclusive or exclusive of the day or event from which the time is computed.” Id. In Mattson, the court read the term “from” as inclusive of the violation date, and I see no reason to read “after” as exclusive of the accrual date specified in § 2401(b). Indeed, when the limitation is tied to the words “claim accrue[d]” as in the FTCA, an even stronger argument for Mattson’s relevance can be made.
Thus, because the calendar-year method of computation applies to § 2401(b)’s two-year statute of limitations, the last day for Mader to present her claim was August 2, 2006. Given that Mader presented her claim on August 3, 2006, her claim is time-barred.[9]
*1007 A fair reading of the opinion for the court discloses that the panel majority actually recognizes that Mattson precedent controls the outcome of this case, but chooses to ignore it anyway as a matter of discretion. In this regard, the majority says “[w]e note that in the eighteen years since Mattson was decided, the case has been rejected by every appellate court that has considered adopting its holding on calculating statutes of limitations.” Ante at 1003. The court then further says “[wjhatever the continuing vitality of Matt-son, we decline to apply its reasoning to the statute of limitations at issue in this case.” Id. at 1003. This attempted disconnect, of course, is not the panel majority’s prerogative as dictated by even more firmly embedded binding precedent of this circuit. As former Chief Judge Lay states in his concurrence and dissent in United States v. Stewart, 1 F.3d 1350 (8th Cir. 1993), even if all other circuits disagree with our established precedent, it may not be disregarded by a panel of this court until it has been overruled by the court en banc. Id. at 1354 (Lay, J., concurring and dissenting). Mattson has never been overruled by an en banc court of this circuit and must be respected by the panel majority in this case.
II.
Even assuming that Mader timely presented her claim, I disagree with the court’s conclusion that she fulfilled 28 U.S.C. § 2675(a)’s administrative exhaustion requirement despite failing to send the VA (1) proof of her status as personal representative of Mr. Mader’s estate, or (2) proof of her attorney’s status as her legal representative. Ante at 997, 1002. Section 2675(a), a jurisdictional administrative exhaustion requirement, provides that FTCA claimants shall present their claims to the appropriate federal agency before instituting an action for damages against the United States. The major reason for this requirement is to “ ‘facilitate settlement of cases.’ ” Lunsford v. United States, 570 F.2d 221, 226 (8th Cir.1977) (quoting Caidin v. United States, 564 F.2d 284, 286 (9th Cir.1977)). Although § 2675(a) does not explain what constitutes the presentation of a claim, 28 C.F.R. § 14.2(a), an implementational rule adopted at the direction of Congress, see 28 U.S.C. § 2672, provides, in relevant part, that claims must be “accompanied by evidence of [a third party’s] authority to present a claim on behalf of the claimant as agent ... or other representative.”
In Lunsford, third parties attempted to present FTCA claims to a federal agency on behalf of a class of unnamed claimants (1) without evidence of their authority to do so, and (2) without stating a sum certain as to damages. Lunsford, 570 F.2d at 224-25. This circuit held that the third parties “inadequately presented the claims of unnamed class members because they failed to demonstrate the existence of the necessary agency relationship.” Id. at 226 (emphasis added). The court reasoned that because the purpose of § 2675(a) is to facilitate settlement of cases, evidence of the existence of one’s legal authority to *1008 present a claim on behalf of the claimant is required. Id. Truly, without the presentation of such evidence, “ ‘the ability of the United States to negotiate a settlement is impeded.’ ” Id. (quoting Caidin, 564 F.2d at 286). The court also held that the administrative claims were inadequately presented because they failed to state a sum certain as to damages. Id.; see 28 C.F.R. § 14.2(a) (sum certain requirement).
Later, in Farmers State Savings Bank v. Farmers Home Administration, 866 F.2d 276, 277 (8th Cir.1989), this circuit held that the claimant satisfied § 2675(a)’s exhaustion requirement. There, a bank, asserting a claim on its own behalf, sent several letters to a federal agency that (1) stated in detail the events that led to its asserted claim, and (2) requested relief in the amount of $80,000. Id. at 276. The court explained that to satisfy § 2675(a), a claimant must present in writing “(1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought.” Id. at 277 (internal citations omitted). The panel then clarified that “two prerequisites for administrative investigation are the identity of the claimants, see Lunsford, 570 F.2d at 226, and the nature of the claims.” Id. (internal citation omitted). Because the bank identified itself, clearly detailed the basis of its claims, and specified a sum certain, the bank’s letters satisfied § 2675(a). Id.
The panel majority today, by its own admission “[pjutting aside momentarily Eighth Circuit precedent” in favor of the more relaxed standards of some other circuits, ante at 1000, determines that “Luns-ford and Farmers each applied a materially different standard; compliance with both prior decisions appears to be logically impossible.” Ante at 1001. The majority acknowledges that the “cardinal rule in our circuit [is] that one panel is bound by the decision of a prior panel.” United States v. Betcher, 534 F.3d 820, 823-24 (8th Cir. 2008) (quotation omitted), cert. denied, — U.S.-, 129 S.Ct. 962, 173 L.Ed.2d 153 (2009). But, it claims, when faced with conflicting precedents, “[w]e are ... free to choose which line of cases to follow.” Kostelec v. State Farm Fire & Cas. Co., 64 F.3d 1220, 1228 n. 8 (8th Cir.1995). But, in this circuit, “ ‘the better practice normally is to follow the earliest opinion, as it should have controlled the subsequent panels that created the conflict.’ ” United States v. Robertson, 606 F.3d 943, 949 (8th Cir.2010) (quoting T.L. ex rel. Ingram, 443 F.3d at 960). Here, the court disregards our earlier decision in Lunsford, concluding that Farmers encapsulates the “better rule” — i.e., when a third party attempts to present a claim to a federal agency on behalf of an FTCA claimant, she need not submit accompanying evidence of her legal authority to do so. The court’s decision to disregard Lunsford is incorrect for three reasons.
First, the court erroneously treats Farmers as binding on the issue of whether a third party properly presents a claim on behalf of a claimant when the third party submits no evidence of her legal authority to do so. This issue was never raised, addressed, or resolved in Farmers because the claimant in that case presented a claim on its own behalf. “[W]e are generally not bound by a prior panel’s implicit resolution of an issue that was neither raised by the parties nor discussed by the panel.” Streu v. Dormire, 557 F.3d 960, 964 (8th Cir.2009). In contrast to Farmers, the precise issue raised in the present case was explicitly raised, addressed, and resolved in Lunsford. Accordingly, the panel must adhere to our circuit’s cardinal rule and follow Lunsford.
Next, the court erroneously concludes that it is “logically impossible” to reconcile *1009 Lunsford and Farmers. Indeed, a proper reading[10] of these cases reveals no genuine conflict. Under Farmers, a claimant satisfies § 2675(a) if she presents in writing (1) sufficient information to investigate the claim, and (2) the amount of damages sought. Farmers, 866 F.2d at 276. Luns-ford simply defines what constitutes sufficient information to investigate the claim when a third party presents a claim on the claimant’s behalf. In that context, there is insufficient information to investigate a claim where a third party fails “to demonstrate the existence of the necessary agency relationship” between herself and the claimant. Lunsford, 570 F.2d at 226. Notably, the Lunsford claimants, like Mader, argued that “technical noncompliance with the administrative regulations should not preclude recovery when the claim was sufficient to give the government notice of the claim.” Id. While the Lunsford court acknowledged that other circuits applied this “minimal notice” rule, it pointed out that in each of those cases “an identifiable claimant had filed a claim for a sum certain thus giving the government the opportunity to evaluate and settle the claim later sued upon.” Id. at 227 (emphasis added). It is not surprising then that the court found § 2675(a) satisfied in Farmers where the claimant, asserting a claim on its own behalf, was (1) identifiable, and (2) stated a sum certain. Thus, contrary to the majority’s view, Farmers and Lunsford are in harmony.
Finally, even assuming that (1) Farmers is somehow binding on the precise issue presented in this case, and (2) there is a genuine conflict between Lunsford and Farmers on this issue, the court’s holding does not reflect the “better rule.” As discussed above, the major purpose of § 2675(a) is to facilitate settlement of cases. The circumstances surrounding this case demonstrate precisely why today’s holding impedes the expeditious and fair settlement of FTCA claims.
Under 28 C.F.R. § 14.3(c), an FTCA “claim based on death may be presented by the executor or administrator of the decedent’s estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.” Under Nebraska law, wrongful death actions may only “be brought by and in the name of the ... personal representative.” Neb.Rev.Stat. § 30-810; see Spradlin v. Dairyland Ins. Co., 263 Neb. 688, 641 N.W.2d 634, 637 (2002) (“The plain language of [§ 30-810] allows only the personal representative to bring [a wrongful death] action.... ”). When Mader attempted to present the wrongful death claim, she asserted the legal title of “Personal Representative of the Estate of Robert L. Mader.” Despite the VA’s repeated requests, Mader did not provide the VA with evidence that she was in fact the personal representative of Mr. Mader’s estate. It was not until the panel requested such evidence at oral argument that Mader’s attorney finally submitted to this court a document entitled “Letters of Personal Representative.” See Docket Entry on 11/04/2009. This document, originally filed in the County Court of Hall County, Nebraska, reports that on August 12, 2004, Mader was appointed as personal representative of Mr. Mader’s estate. Id.
However, Mader still did not provide evidence that she was the personal representative on the date she attempted to present the claim to the YA. In fact, on July 8, 2005, Mader filed a “Verified Statement” in the Hall County court informally *1010 closing Mr. Mader’s estate. See Docket Entry on 11/18/2009. The Verified Statement provides:
[T]he undersigned believes the affairs of this estate are completed and is closing the estate by the filing of this Verified Statement. If no proceedings involving the Personal Representative are pending in this Court one year after the filing of this Verified Statement, the appointment of the Personal Representative shall thereupon terminate.
Id. (emphasis added); see Neb.Rev.Stat. §§ 30-24,117(b), 30-2453(a). There is no evidence that “proceedings involving the Personal Representative” were pending in the Hall County court one year after Mad-er filed this statement. Assuming no such proceedings were pending, Mader’s appointment as personal representative terminated in July 2006, see Neb.Rev.Stat. § 30-24,117(b), well before she attempted to present the wrongful death claim on August 3, 2006. Importantly, under Nebraska law, termination of appointment “terminates [the personal representative’s] authority to represent the estate in any pending or future proceeding.” Neb.Rev. Stat. § 30-2451 (emphasis added).
Thus, on August 3, 2006, Mader had no authority to present or settle the claim she submitted to the VA. While the rule articulated in Lunsford helps weed out such defective claims, the court sidesteps Luns-ford and holds that Mader’s mere assertion of personal representative status satisfies § 2675(a)’s administrative exhaustion requirement. Allowing third parties to present FTCA claims without legal authority to do so not only ignores the letter of the law but also most definitely impedes the settlement of claims, and therefore cannot be the better approach. In light of § 2675(a)’s underlying purpose, it is only reasonable for a federal agency to demand and receive evidence of one’s legal authority to present and settle a claim before it diverts valuable time and resources to investigate the claim. Mader’s refusal to respond to the VA’s numerous and varied requests for this necessary information, requires dismissal of this FTCA claim.
III.
For the foregoing reasons, I dissent.

. Mader's Standard Form 95, Claim for Damage, Injury, or Death similarly asserts that Mr. Mader committed suicide on August 3, 2004.

. The calendar-year method counts the accrual date as the first day of computation whereas the anniversary method counts the day following the accrual date as the first day of computation. See United States v. Marcello, 212 F.3d 1005, 1008-10 (7th Cir.2000) (discussing the "calendar-year" and "anniversary” methods of calculating limitations periods).

. Random House Webster’s Unabridged Dictionary (2d ed. 1997), provides the following relevant definitions of the words: From— “used to specify a starting point in an expression of limits,” id. at 770; After — “later in time than,” id. at 36. As used in sections 1692k(d) and 2401(b), the words present a distinction without a difference and to reject Mattson’s binding effect by seeing such a difference in the use of these two words borders on the extreme.

. In the majority's footnote 5, it incorporates a hypothetical one-day FTCA statute of limitations in arguing that Mattson’s "calendar-day” method “confounds common sense.” Ante at 1004 n. 5. To the contrary, it is the majority’s hypothetical (which is superficial, misbegotten and wholly unconstitutional, Wilson ex rel. Wilson v. Gunn, 403 F.3d 524, 527 (8th Cir.2005); Fields v. Legacy Health Sys., 413 F.3d 943, 956-57 (9th Cir.2005)), that "confounds common sense.” And, so far as I know, there is no purported "confounds common sense” test (especially an unconstitutional one) that permits a panel majority to disregard long-established circuit precedent.

. Given that on its face Farmers twice approvingly cites Lunsford, see Farmers, 866, F.2d at 277, the court’s conclusion that it is "logically impossible” to reconcile these cases immediately raises red flags.