Oweh McGivere, J.
Defendants move to dismiss the complaint for insufficiency and plaintiff cross-moves for leave to amend.
*121 Briefly summarized, the following are the allegations of the complaint: Plaintiff was, prior to 1955, a stockholder of American-IIawaiian Steamship Company, hereinafter referred to as “ the Company By 1955, the Company had become an investment company within the meaning of the Investment Company Act of 1940 (U. S. Code, tit. 15, § 80a-l et seq.). Various violations of that statute and of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78a et seq.) are alleged. Specifically, it is alleged that a tender by the Company in 1955 to its stockholders to purchase their shares, violated the 1940 Act. Plaintiff sold her shares to defendants other than the Company. False representations were made by defendants, the truth of which was not known to stockholders who sold to the Company and to the other defendants.
Plaintiff seeks recovery not only of the damages which she sustained but also for the benefit of stockholders “ similarly situated ” for the damages they sustained in selling their shares to the Company.
In support of their motion to dismiss the complaint, defendants pointed out that plaintiff has no standing to sue representatively since the complaint alleges that the stockholders whom she purports to represent sold to the Company and there is no allegation that plaintiff sold any shares except to the defendants other than the Company. Thus, she is not alleged to be a member of the class, and it is elementary that under such circumstances a representative action is not properly pleaded (Bouton v. Van Buren, 229 N. Y. 17, 22 [1920]).
To overcome this objection, plaintiff cross-moves for leave to amend the complaint so as to allege that she sold 47 shares of the stock to the Company.
There is another fatal objection to the maintenance of a representative action which the proposed amendment would not overcome. Essentially, this is an action for fraud in the inducement of the sale of stock. It has been authoritatively determined that a class action does not lie for fraudulently inducing the purchase of securities (Brenner v. Title Guar. & Trust Co., 276 N. Y. 230 [1937]). The rationale of that decision is that representations by the defendant and reliance by the buyers may have varied from case to case. This rationale is equally applicable to the instant case.
As regards so much of the complaint as attempts to allege a cause of action for fraud in behalf of the plaintiff individually, it is deficient for failing to allege reliance, one of the essentials of such a cause of action (Reno v. Bull, 226 N. Y. 546 [1919]). This defect might be cured by amendment. Interspersed *122 throughout the complaint are allegations of violations of the Federal Acts of 1934 and 1940. Section 27 of the 1934 Act (U. S. Code, tit. 15, § 78aa) vests in the Federal courts exclusive jurisdiction of all suits to enforce any liability created thereby. On the other hand, this court does have, concurrently with the Federal courts, jurisdiction of actions under the 1940 Act (U. S. Code, tit. 15, § 80a-43). In the interest of clarity, plaintiff’s individual common-law action and any claims she may choose to plead under the 1940 Act should be separately stated.
Accordingly, the motions to dismiss are granted and the cross motion for leave to serve an amended complaint is granted to the extent of permitting plaintiff within 10 days after entry of the orders hereon, to serve an amended complaint alleging (1) an individual cause of action at common law for fraud and (2) any claims she may choose to plead under the Investment Company Act of 1940.