■ Dennis E. Murray et al., Plaintiffs, and Joanne Shaughnessy, Intervenor-Respondent, v Empire Insurance Co. et al., Appellants. Ernesto R. Darquea et al., Respondents, v Empire Insurance Co. et al., Appellants.—Order of the Supreme Court, New York County (William J. Davis, J.), entered on November 22, 1989, which denied defendants' motion to dismiss, unanimously reversed, on the law, with costs, and defendants' motion to dismiss the Nickels complaint is granted. The clerk is directed to enter judgment in favor of defendants dismissing the Nickels complaint, with costs.

Order of the Supreme Court, New York County (Ira Gammerman, J.), entered on February 8, 1991, which granted defendants' motion to dismiss the second cause of action for failure to state a cause of action, and denied defendants' motion to dismiss for lack of standing, unanimously modified, on the law, to the extent of granting defendants' motion to dismiss Darquea's complaint insofar as it sought to challenge the tender offer, and dismissing so much of the complaint of Ravenswood Investment Co. as sought to challenge the demutualization and reverse stock split, with leave to replead the consolidated and supplemental complaint consistently herewith, and otherwise affirmed, with costs to appellants.

These consolidated appeals are taken from two orders entered by two different Judges in the context of a proposed class action. The plaintiffs seek damages alleged to have resulted from three transactions involved in an effort to restructure defendant Empire Insurance Co., which was then insolvent. In 1980, defendant Phlcorp, Inc. provided $25 million in new capital in exchange for a surplus note that was

converted to 77% of Empire's stock in 1987 as a result of the demutualization.

The first transaction was the demutualization of Empire, which was accomplished in 1987, with the approval of the Superintendent of Insurance. The second transaction was a 1 for 100 reverse stock split, effected in August 1988, pursuant to which owners of fractional shares after the split received cash in lieu of stock. The third transaction was a tender offer in October 1988, made to holders of 99 or fewer new shares.

The first order was entered in the *Nickels* action, which then had not been consolidated. The Motion Court (Davis, J.), in ruling upon a motion to dismiss for lack of standing and failure to state a cause of action, denied the motion and adopted plaintiff's allegation that the three transactions "are all part of a single plan to squeeze out minority shareholders." The Motion Court also addressed the adequacy of Nickels as a class representative, despite no motion having been made under CPLR article 9, and held that Nickels was an adequate class representative.

In the second order, the Motion Court (Ira Gammerman, J.), held that the doctrine of law of the case constrained the court to accept the finding of a single plan, and required that standing be upheld for all plaintiffs.

This Court is not bound by law of the case *(Martin v City of Cohoes,* 37 NY2d 162), and accordingly we reverse.

We hold that each of the three transactions must be viewed independently and that each plaintiff must satisfy the requirements for standing in order to assert a claim for damages under any of the three transactions. The Motion Court's acceptance of the single plan theory is, as respondents submit, essentially an application of the continuous wrong doctrine. While we are cited to no New York case deciding this issue, on these facts, we agree with the reasoning of Federal decisions that restrict the doctrine of continuous wrong to derivative actions. *(See, Ensign Corp. v Interlogic Trace,* Fed Sec L Rep [CCH] 95,766 [SD NY 1990]; *see also,* Business Corporation Law § 626.)

In this action, each of the three plaintiffs raises different considerations on the question of standing, and, necessarily, no one plaintiff can have standing to challenge all three transactions. Plaintiff Nickels, now deceased but represented by Joanne Shaughnessy, and plaintiff Ravenswood Investment Co., purchased their shares on the open market after the demutualization.

Plaintiff Nickels was thus not a shareholder at the time of the demutualization. Nor was she cashed out in the reverse stock split. And, since she did not tender pursuant to the tender offer, we hold that Nickels lacks standing to challenge any of the transactions. The Nickels complaint is thus dismissed for lack of standing.

Ravenswood was not cashed out by the reverse stock split, but did tender some of its shares in response to the tender offer. Therefore, Ravenswood only has standing with respect to the tender offer.

Plaintiff Darquea was a shareholder at the time of the demutualization and was cashed out by the reverse stock split. He was thus not a shareholder at the time of the tender offer and only has standing with respect to the first two transactions. (See, White v Ludwig, 32 Misc 2d 120 [McGivern, J.].)

Inasmuch as individual standing is a threshold requirement to maintain an action (see, Helfand v Cohen, 110 AD2d 751), each plaintiff must show that he or she personally suffered monetary damage as a result of the transaction challenged.

The procedural device of a class action may not be used to bootstrap a plaintiff into standing which is otherwise lacking. (See, Weiner v Bank of King of Prussia, 358 F Supp 684, 694.) Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Smith, JJ.