■ ALISON J. WALSH, Appellant, v STEPHEN M. WUSINICH et al., Respondents. [821 NYS2d 182]—

Order, Supreme Court, New York County (Edward H. Lehner,

J.), entered February 27, 2006, which, in a declaratory judgment action involving plaintiff's right to purchase an apartment in a housing complex undergoing cooperative conversion, denied plaintiff's motion to stay a transfer of the shares allocated to the subject apartment to the individual defendant, and for related preliminary injunctive relief, unanimously affirmed, without costs.

Following withdrawal of the housing complex from the Mitchell-Lama program, a cooperative offering plan was filed pursuant to Private Housing Finance Law article XI and accepted for filing by the Attorney General. The plan offers to eligible tenants the exclusive right to purchase their apartments; defines an eligible tenant as a residential tenant who, as of the filing date, is the named tenant under and signatory to an unexpired lease in effect covering the unit; and provides that any such residential tenant shall be presumed to be an eligible tenant even if he or she sublet or permitted another person to occupy the unit, or does not occupy the unit as his or her primary residence. Since the individual defendant is the sole tenant named, and only signatory to, an unexpired lease covering the subject apartment, and since, under the plain terms of the plan, plaintiff's occupancy and defendant's nonoccupancy of the apartment at the time of the filing are irrelevant, it appears that defendant is the eligible tenant to whom the offer to purchase was properly made. We reject plaintiff's argument that even though General Business Law § 352-eeee, by its terms, does not apply to cooperative conversions under Private Housing Finance Law article XI (General Business Law § 352-eeee [1] [a]), the housing complex, by reason of its receipt of J-51 tax benefits, became subject to rent stabilization under Real Property Tax Law § 489 (7) (b) (2), and was therefore required, under General Business Law § 352-eeee (2) (d) (ix), to give tenants in occupancy, such as plaintiff, a 90-day exclusive right to purchase the shares allocated to their apartments. Real Property Tax Law § 489 (7) (b) (2), by its terms, applies only if the tax benefits were received on or before its June 19, 1985 effective date, not the case here, and General Business Law § 352-eeee (2) (d), by its terms, applies only to eviction plans, also not the case here. We have considered plaintiff's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Catterson, McGuire and Malone, JJ.