■ 72A Realty Associates, Appellant-Respondent, v Sandra Lucas, Respondent-Appellant, et al., Respondents. [955 NYS2d 19]—

In light of the Court of Appeals' decision in *Roberts v Tishman Speyer Props., L.P.* (13 NY3d 270 [2009]) and subsequent case law giving retroactive effect to *Roberts* (*Roberts v Tishman Speyer Props., L.P.*, 89 AD3d 444, 445 [1st Dept 2011]; *Gersten v 56 7th Ave. LLC*, 88 AD3d 189, 196-197 [1st Dept 2011]), tenant is entitled to rent-stabilized status for the duration of her

tenancy and to collect any rent overcharges, as her apartment was improperly deregulated by landlord while it was receiving J-51 tax benefits. That the J-51 benefits subsequently expired does not support landlord's claim that the apartment must be denied ongoing regulated status. Our determination that the tenancy is rent stabilized is not, as found by the lower courts, based on the failure of the owner to have provided notice as set forth in Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-504, but is premised on the apartment having been improperly deregulated as of the time that the tenant took occupancy.* Additionally, as we explained in *Gersten*, tenant's challenge to the deregulated status of her apartment, which presents a "continuous circumstance" (88 AD3d at 198-199), is not barred by the six-year statute of limitations period set forth in CPLR 213 (2).

The courts below, however, erred in setting the base date rent for the overcharge counterclaim at the $2,250 per month rate based on the market rate in the lease effective for October 2004. While that date is correct under CPLR 213-a, in light of the improper deregulation of the apartment and given that the record does not clearly establish the validity of the rent increase that brought the rent-stabilized amount above $2,000, the free market lease amount should not be adopted, and the matter must be remanded for further review of any available record of rental history necessary to set the proper base date rate.

The courts also erred to the extent they dismissed, as a matter of law, tenant's counterclaim seeking treble damages. Landlord, in its affidavit, states that in 2001, $30,000 worth of renovations to the apartment were completed, bringing the monthly rent above the $2,000 threshold. However, the record does not contain anything to support landlord's renovation claim, including for example, bills from a contractor, an agreement or contract for work in the apartment, or records of payments for the renovations. A $1,491 monthly increase in rent is

---

* Rent Stabilization Law § 26-504 (c) provides in its last clause that if the dwelling unit would have been subject to rent stabilization in the absence of J-51 benefits, the unit, upon the expiration of the benefits, shall continue to be subject to regulation as if that subdivision had never applied. Thus, the notice requirement plainly does not apply to dwellings, such as the one here, that were subject to rent regulation for a reason other than the receipt of J-51 benefits (*see Gersten*, 88 AD3d at 195). As for tenant's citation to the notice provisions of RPTL 489 (7) (b) (2), that statute is inapplicable on its face, as it applies to "[a]ny dwelling unit subject to rent regulation on or before the effective date of this subparagraph [(June 19, 1985)] as a result of receiving a tax exemption or abatement," which is not the case here where this building received J-51 benefits in 1991 (*see Walsh v Wusinich*, 32 AD3d 743, 744 [1st Dept 2006]).

a substantial amount, and landlord did not provide sufficient information to validate the increase. Further inquiry upon remand is required to determine whether the overcharge was not willful, but rather the result of reasonable reliance on a Division of Housing and Community Renewal regulation.

Finally, regarding attorneys' fees, the issue is remanded to the Civil Court for a trial to determine whether there is a clause in the lease that would entitle tenant to an award of attorneys' fees under Real Property Law § 234 as a prevailing party. If there is such a clause, the determination of whether to award her attorneys' fees is best left to the discretion of the trial court, taking into account all the facts and circumstances of the case, including whether any overcharge was willful, and the state of the law with respect to deregulation and J-51 benefits as it existed at the time the proceeding was commenced. Concur— Mazzarelli, J.P., Saxe, DeGrasse, Richter and Abdus-Salaam, JJ.