Kessler v HFZ 90 Lexington Ave. Owners LLC (2019 NY Slip Op 00075)





Kessler v HFZ 90 Lexington Ave. Owners LLC


2019 NY Slip Op 00075


Decided on January 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Mazzarelli, Webber, JJ.


8043 153085/16

[*1]Beverly Kessler, et al., Plaintiffs-Appellants,
v
HFZ 90 Lexington Avenue Owners LLC, et al., Defendants-Respondents, Carnegie Park Associates, L.P., et al., Defendants.


Goldsmith & Fass, New York (Robert N. Fass of counsel), for appellants.
Rosenberg & Estis, P.C., New York (Deborah Riegel of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.,) entered July 10, 2017, which, inter alia, granted the HFZ defendants' motion to dismiss the complaint as against them, unanimously affirmed, without costs.
In this putative class action against the owners and sponsors of residential buildings that were converted to cooperatives or condominiums, plaintiffs contend that they have the right to seek non-purchaser tenant status based on their status as eligible senior citizens or eligible disabled persons, although the offering plans at issue were undisputedly non-eviction plans under General Business Law § 352-eeee(2)(c). We reject plaintiffs' textual arguments in light of the structure of section 352-eeee. Special rights for eligible senior citizens and disabled persons are identified only in section 352-eeee(2)(d), which governs eviction plans. Thus, it would be contrary to rules of interpretation to apply them to non-eviction plans (see Statutes § 240; People v Spadafora, 131 AD2d 40, 47 [1st Dept 1987]). As we have previously determined, "General Business Law § 352—eeee(2)(d), by its terms, applies only to eviction plans" (Walsh v Wusinich, 32 AD3d 743, 744 [1st Dept 2006]).
Nor do the emergency regulations issued by the New York State Department of Law in November 2015 avail plaintiffs. The regulations support plaintiffs' position, but in 2016 they were expressly stated to be applicable prospectively only. As the offering plans at issue were accepted for filing before the original emergency regulations were issued, the regulations are not considered to be part of the plans.
This action is also barred by plaintiffs' lack of standing (see Murray v Empire Ins. Co., [*2]175 AD2d 693 [1st Dept 1991]). It is undisputed that none of the named plaintiffs ever resided in any of defendants' buildings or had any dealings with defendants with regard to any coop or condo conversion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 8, 2019
CLERK