West Vil. Houses Renters Union v WVH Hous. Dev. Fund Corp. (2019 NY Slip Op 06861)





West Vil. Houses Renters Union v WVH Hous. Dev. Fund Corp.


2019 NY Slip Op 06861


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Friedman, J.P., Renwick, Tom, Gesmer, Oing, JJ.


9919 118482/06

[*1]West Village Houses Renters Union, Plaintiff-Appellant, Jessica Tomb, et al., Plaintiffs,
v
WVH Housing Development Fund Corporation, Defendant, BRG West Village LLC, Defendant-Respondent.


Desiderio Kaufman & Metz, P.C., New York (Jeffrey R. Metz of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Jeffrey Turkel of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered October 22, 2018, which granted the motion of defendant BRG West Village LLC (BRG) for summary judgment declaring that plaintiff West Village Houses Renters Union's (plaintiff) members' apartments are not rent-stabilized and otherwise dismissed plaintiffs' action, denied plaintiff's cross motion for summary judgment, and granted BRG's cross claim for attorneys' fees, unanimously modified, on the law, to dismiss BRG's cross claim, and otherwise affirmed, without costs.
Plaintiff renters union consists of tenants in a housing complex who did not purchase shares in the resident-owned cooperative that became the landowner following withdrawal from the Mitchell-Lama program and conversion under article XI of the Private Housing Finance Law to cooperative ownership. Plaintiff brought the instant action for a declaration that the units of nonpurchasing tenants are rent-stabilized.
The complex did not become rent-stabilized upon its withdrawal from the Mitchell-Lama program on June 25, 2004, as the units were both "financed by loans from" the New York City Housing Development Corporation (HDC), a "public benefit corporation" (NYC Administrative Code § 26-504[a][1][a]; see Private Housing Finance Law § 653), and "subject to rent regulation under the private housing finance law" article XII (NYC Administrative Code § 26-504[a][1][b]). Contrary to plaintiff's contention, HDC was empowered by statute to regulate rents (Private Housing Finance Law §§ 651[1], 654[3],[4], 654[25]; see Matter of Shankman v Axelrod, 73 NY2d 203, 206 [1989]). Thus, the receipt by the previous owner of J-51 tax benefits did not trigger applicability of the Rent Stabilization Law.
Similarly, the complex did not become rent-stabilized upon its conversion to cooperative ownership on March 9, 2006. Rent stabilization does not apply to multiple dwellings "owned as a cooperative or condominium," regardless of whether the owner receives J-51 benefits (NYC Administrative Code §§ 26-504[a], [c]). Moreover, even if the complex had been rent-stabilized during the time between withdrawal from Mitchell-Lama and conversion to a cooperative, the conversion did not require continuation of such regulation. "General Business Law § 352-eeee, by its terms, does not apply to cooperative conversions under Private Housing Finance Law article XI" (Walsh v Wusinich, 32 AD3d 743, 744 [1st Dept 2006], citing General Business Law § 352-eeee[1][a]). We find plaintiff's arguments to the contrary unavailing.
Finally, paragraph 19(A)(5) of the lease authorizes BRG to recover legal fees from a tenant only where BRG brings the action based on the tenant's default or incurs costs in [*2]defending lawsuits because of a tenant's actions. As "[t]his action does not fit into either category," the award of fees must be reversed
and the counterclaim for fees dismissed (Dixon v 105 W. 75th St. LLC, 148 AD3d 623, 630 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2019
CLERK