Brownyard v County of Suffolk (2025 NY Slip Op 07274)

Brownyard v County of Suffolk

2025 NY Slip Op 07274

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-08939 
2023-02125
 (Index No. 1596/15)

[*1]Bruce Brownyard, et al., respondents,
vCounty of Suffolk, et al., appellants.

Berkman, Henoch, Peterson & Peddy, P.C., Garden City, NY (Joseph E. Macy, Robert A. Carruba, and Daniel J. Evers of counsel), for appellants.
Pillsbury Winthrop Shaw Pittman LLP, New York, NY (James M. Catterson, Brianna Walsh, Danielle M. Stefanucci, and Stephanie LaGumina of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated October 24, 2022, and (2) an order of the same court dated February 6, 2023. The order dated October 24, 2022, granted the plaintiffs' motion for a protective order to the extent of striking requests for production numbers 2, 3, 4, 6, 7, 8, 10, 11, 12, and 13 of the defendants' first notice for discovery and inspection and limiting discovery to the plaintiffs Bruce W. Brownyard, Anton Bondy, and Harbor Club, LLC. The order dated February 6, 2023, insofar as appealed from, upon reargument, adhered to the determination in the order dated October 24, 2022, granting the plaintiffs' motion for a protective order to the extent of striking request for production number 7 of the defendants' first notice for discovery and inspection and limiting discovery to the plaintiffs Bruce W. Brownyard, Anton Bondy, and Harbor Club, LLC.
ORDERED that the order dated October 24, 2022, is reversed, on the law and in the exercise of discretion, the plaintiffs' motion for a protective order is denied, and so much of the order dated February 6, 2023, as, upon reargument, adhered to the determination in the order dated October 24, 2022, granting the plaintiffs' motion for a protective order to the extent of striking request for production number 7 of the defendants' first notice for discovery and inspection and limiting discovery to the plaintiffs Bruce W. Brownyard, Anton Bondy, and Harbor Club, LLC is vacated; and it is further,
ORDERED that appeal from the order dated February 6, 2023, is dismissed as academic in light of our determination on the appeal from the order dated October 24, 2022; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In January 2015, the plaintiffs Bruce W. Brownyard, Anton Bondy, and Harbor Club, LLC (hereinafter collectively the original plaintiffs), commenced this action, alleging, inter alia, that [*2]the defendants exceeded their authority in retaining certain real property tax revenue. The third amended complaint named approximately 400 additional alleged aggrieved taxpayers as plaintiffs. The defendants interposed an answer asserting affirmative defenses, including lack of standing.
Thereafter, the defendants served their first notice for discovery and inspection, first set of interrogatories, and notice to take deposition upon each plaintiff. In December 2019, the plaintiffs moved for a protective order limiting discovery. In an order dated October 24, 2022, the Supreme Court granted the plaintiffs' motion to the extent of striking requests for production numbers 2, 3, 4, 6, 7, 8, 10, 11, 12, and 13 of the defendants' first notice for discovery and inspection and limiting discovery to the original plaintiffs. In November 2022, the defendants moved, among other things, for leave to reargue their opposition to the plaintiffs' motion for a protective order. In an order dated February 6, 2023, the court, inter alia, upon reargument, adhered to the determination in the order dated October 24, 2022, granting the plaintiffs' motion for a protective order to the extent of striking request for production number 7 of the defendants' first notice for discovery and inspection and limiting discovery to the original plaintiffs. The defendants appeal.
"Pursuant to CPLR 3101(a), '[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action'" (Smith-Percival v MTA Bus Co., 232 AD3d 928, 929). "CPLR 3103(a) permits a court to 'make a protective order denying, limiting, conditioning or regulating the use of any disclosure device' so as 'to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts'" (Oleynik v Rozenfeld, 230 AD3d 1152, 1154). "In determining whether to issue a protective order, the court must balance the competing interests of the parties and the truth-finding goal of the discovery process" (id. [internal quotation marks omitted]). "[T]he fact that 'the documents sought may be available in public records does not, in itself, preclude production of those records from a party'" (Rawlins v St. Joseph's Hosp. Health Ctr., 108 AD3d 1191, 1193, quoting Alfaro v Schwartz, 233 AD2d 281, 282). "'The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court'" (Smith-Percival v MTA Bus Co., 232 AD3d at 929, quoting 101CO, LLC v Sand Land Corp., 189 AD3d 942, 944).
Here, the Supreme Court improvidently exercised its discretion in striking requests for production numbers 2, 3, 4, 6, 7, 8, 10, 11, 12, and 13 of the defendants' first notice for discovery and inspection and limiting discovery to the original plaintiffs (see Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 222 AD3d 956, 958). Inasmuch as individual standing is a threshold requirement to maintain an action, each plaintiff must show that he or she personally suffered monetary damages as a result of the challenged practices (see Murray v Empire Ins. Co., 175 AD2d 693, 695). Thus, the defendants demonstrated that the requested documents were material and necessary to the defense of this action (see Hamed v Alas Realty Corp., 209 AD3d 628, 629).
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court