United States Court of Appeals,

Eleventh Circuit.

No. 94-9238.

Non-Argument Calendar.

Mark E. MALOY, Plaintiff-Counter-Defendant, Appellant,

v.

Arthur L. PHILLIPS, Phillips, Davis & Donner, a Georgia Partnership, Defendants-Counter-Claimants, Appellees.

Sept. 15, 1995.

Appeal from the United States District Court for the Middle District of Georgia. (No. 93-CV-98-ATH (WDO)), Wilbur D. Owens, Jr., Judge.

Before EDMONDSON, COX and DUBINA, Circuit Judges.

PER CURIAM:

Mark E. Maloy ("Maloy") appeals the district court's judgment dismissing his action filed under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Specifically, Maloy challenges the district court's finding that the alleged violation of 15 U.S.C. § 1692e(11) occurred on the date the debt collection letter in question was mailed, thereby barring Maloy's action as filed outside the applicable one-year statute of limitations. We reverse and remand.

I.

The relevant facts in this case are undisputed. The defendant/appellee, Arthur L. Phillips and Phillips, Davis & Donner, a Georgia Partnership, ("Phillips"), mailed the debt collection letter in question to Maloy on November 13, 1992. Maloy received the letter on November 16, 1992, and on November 15, 1993, he filed this suit against Phillips in federal district court.

Holding that Maloy's complaint was filed outside the applicable one-year statute of limitations, the district court entered its judgment of dismissal.

## II.

Section 1692k(d) provides that actions to enforce liability created by the FDCPA must be brought "within one year from the date on which the violation occurs." In *Maahs v. United States,* 840 F.2d 863, 866-67 (11th Cir.1988), this court held that the method of calculation used in Rule 6(a) of the Federal Rules of Civil Procedure generally applies to statutes such as the FDCPA which were enacted after the Federal Rules of Civil Procedure were adopted in 1937. Rule 6(a) provides in relevant part that computation of any period of time prescribed by a statute shall not include the date of the event from which the time begins to run. Therefore, Maloy was required to bring this action within one year from the date that the alleged violation of the FDCPA occurred, and the calculation of the time period begins on the day after the alleged violation occurred.

## A.

Before determining whether the district court erred in dismissing Maloy's complaint, we must first determine whether the alleged violation occurred on the date the collection letter was mailed or on the date it was received. This question has not been decided in this circuit. In fact, research reveals that the Eighth Circuit is the only circuit court to directly address the issue.[1]

---

[1] In *Bates v. C & S Adjusters, Inc.,* 980 F.2d 865, 868 n. 2 (2d Cir.1992), the Second Circuit discussed in dicta when a violation of the FDCPA occurs. Although the court did not decide

In *Mattson v. U.S. West Communications, Inc.,* 967 F.2d 259, 261 (8th Cir.1992), the debt collector mailed a collection letter dated November 27, 1989, and the debtor filed her action on November 27, 1990. The Eighth Circuit affirmed the dismissal of the action, reasoning that the statute of limitations began to run on the date the letter was mailed because that was the debt collector's last opportunity to comply with the FDCPA. *Id.* In addition, the court concluded that using the date of mailing was a better and more practical approach because it provided a date that was easy to determine, ascertainable by both parties, and easily applied. *Id.*

### B.

We find the reasoning of the Eighth Circuit persuasive and adopt the approach used in *Mattson,* save for the calculation of the days from the mailing of the collection letter. As stated above, in computing the statute of limitations we will exclude the mailing date as the triggering date of the alleged FDCPA violation in accordance with Rule 6(a). Accordingly, we hold that the day after Phillips mailed the collection letter, November 14, 1992, is the date from which the one-year period of limitations began to run. Because Maloy filed his complaint on November 15, 1993, the district court properly determined that any claims arising out of the letter Phillips mailed to Maloy on November 13, 1992, were barred by the one-year statute of limitations.

### III.

In addition to violations arising out of the debt collection

---

the issue, it recognized that the harmful effect of illegal debt collection practices does not occur until a debtor receives the abusive collection notice.

mailed on November 13, 1992, Maloy claims that Phillips violated § 1692(g) of the FDCPA by failing to send a second letter containing required debt verification information within five days of the initial collection letter. Section 1692(g) mandates that a second letter is required only if the initial debt collection letter does not provide required debt verification information. If the initial collection letter did not provide this information, Phillips would have until five days after the initial communication to comply with the requirements of § 1692(g), and the claim under this sub-section would thus not have ripened until five days after the initial letter of November 13, 1992. Under these circumstances, Maloy's cause of action under § 1692(g) would have been timely filed. Because the district court made no findings as to whether Phillips' initial letter contained the information required under § 1692(g), we remand this case to the district court to determine whether the initial letter complied with § 1692(g).

Finally, because the record demonstrates that this appeal was timely filed, we hold that Phillips' claim that the notice of appeal was untimely has no merit.

REVERSED and REMANDED.[2]

---

[2]The district court properly held that Maloy's action under 15 U.S.C. § 1692e(11) occurred on the date the debt collection letter in question was mailed; nonetheless, we must reverse the district court's judgment dismissing Maloy's complaint because he may have a valid § 1692(g) claim that was not filed outside the applicable one-year statute of limitations.