Benzemann v. Citibank

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2015

(Argued: August 20, 2015                Decided:  November 16, 2015)

Docket No. 14-2668-cv

_____

ALEXANDER A. BENZEMANN,

*Plaintiff-Appellant*,

v.

CITIBANK N.A., HOUSLANGER & ASSOCIATES, PLLC,
TODD E. HOUSLANGER, AND NEW CENTURY FINANCIAL SERVICES,

*Defendants-Appellees*.[*]

_____

Before: CABRANES, POOLER, and CHIN, *Circuit Judges*.

Appeal from a June 27, 2014 judgment of the United States District Court

for the Southern District of New York (Buchwald, *J.*), dismissing Plaintiff-

_____

[*] The Clerk of Court is directed to amend the official caption to conform
with the caption above.

Appellant Alexander A. Benzemann's claims under the Fair Debt Collections Practices Act ("FDCPA"), 42 U.S.C. § 1983, the Due Process Clause of the Fourteenth Amendment, and state law. In this opinion, we address the district court's dismissal of the FDCPA claim as untimely. We hold that an FDCPA violation "occurs" for the purposes of the FDCPA's statute-of-limitations provision when a bank freezes a debtor's bank account, not when a debt collector sends a restraining notice to the bank. Given this holding, Benzemann's FDCPA claim may be timely. Accordingly, we vacate the district court's dismissal of the FDCPA and state law claims and remand for further proceedings consistent with this opinion. In a summary order issued simultaneously with this opinion, we affirm the district court's dismissal of Benzemann's other claims.

Affirmed in part, vacated in part, and remanded.

_____

ANDREW L. TIAJOLOFF, Tiajoloff & Kelly LLP (Edward P. Kelly, *on the brief*), New York, NY, *for Plaintiff-Appellant Alexander A. Benzemann.*

ROBERT J. BERGSON, Abrams Garfinkel Margolis Bergson, LLP (Eric B. Post, *on the brief*), New York, NY, *for Defendants-Appellees Houslanger & Associates, PLLC and Todd E. Houslanger.*

ANTHONY I. GIACOBBE, Zeichner Ellman & Krause LLP (BARRY J. GLICKMAN, *on the brief*), New York, NY, *for Defendant-Appellee Citibank, N.A.*

POOLER, *Circuit Judge*:

This appeal concerns the Fair Debt Collection Practices Act's ("FDCPA") statute of limitations, which provides that FDCPA plaintiffs must file suit "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). We hold that an FDCPA violation "occurs" within the meaning of Section 1692k(d) when a bank freezes a debtor's bank account, not when a debt collector sends a restraining notice to the bank.

## BACKGROUND

We draw the following facts from Benzemann's amended complaint. We accept these facts as true for purposes of our de novo review of the district court's grant of the motion to dismiss. *Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 74–75 (2d Cir. 2013).

On April 25, 2003, New Century Financial Services, Inc. ("New Century"), a subsidiary of Citibank N.A. ("Citibank"), obtained a judgment in the Civil Court of the City of New York against a person named *Andrew* Benzemann. Plaintiff *Alexander* Benzemann was not a party to that action.

3

About five years later, on April 30, 2008, Citibank froze Plaintiff Alexander Benzemann's bank account. Citibank told Benzemann that it was freezing his account because it received a "restraining notice" from Defendant Todd E. Houslanger, an attorney for New Century. A restraining notice "enjoins the person served from giving over the defendant's property . . . . It is in every sense an injunction, and acts as such under the signature of the lawyer without a court order . . . ." David D. Siegel, *New York Practice* § 508 (5th ed. 2011). The restraining notice that Houslanger served on Citibank identified Andrew Benzemann as the judgment debtor, but the social security number and address were that of Plaintiff Alexander Benzemann. Benzemann contacted Houslanger's law firm and Citibank to attempt to lift the restraint, but he was unsuccessful. Benzemann then retained counsel, and after counsel threatened legal action, the restraining notice was withdrawn.

Three-and-a-half years later, Citibank again froze Plaintiff's account pursuant to a restraining notice issued by Houslanger on behalf of New Century based on the same judgment. The complaint alleges that Citibank froze the account "on or about" December 14, 2011. App'x at 32. The restraining notice was dated December 6, 2011, and contained the same errors as the April 2008

4

restraining notice. The party named was Andrew Benzemann, but the social security number and address provided to the bank were those of Plaintiff Alexander Benzemann. Benzemann again retained counsel, who again contacted Houslanger, after which the restraint on the account was lifted.

Benzemann filed this lawsuit on December 14, 2012, alleging that Houslanger violated FDCPA provisions that prohibit a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, or using "unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f. Houslanger moved to dismiss the FDCPA claim, arguing that it was untimely because Benzemann filed the complaint more than one year after the December 6, 2011 restraining notice. The district court agreed and granted the motion to dismiss. This appeal followed.

**DISCUSSION**

"The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection

5

abuses.'" *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting 15 U.S.C.

§ 1692(e)). To accomplish these goals, the FDCPA creates a private right of action

for debtors who have been harmed by abusive debt collection practices. 15 U.S.C.

§ 1692k; *see also Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008)

(noting how the FDCPA "enlists the efforts of sophisticated consumers . . . as

'private attorneys general' to aid their less sophisticated counterparts, who are

unlikely themselves to bring suit under the Act, but who are assumed by the Act

to benefit from the deterrent effect of civil actions brought by others"). A plaintiff

who seeks to bring a private suit under the FDCPA, however, must do so within

its relatively short one-year statute of limitations. 15 U.S.C. § 1692k(d). Section

1692k(d) provides:

> An action to enforce any liability created by this subchapter may be
> brought in any appropriate United States district court without
> regard to the amount in controversy, or in any other court of
> competent jurisdiction, within one year from the date on which the
> violation occurs.

The district court held that Benzemann's suit was untimely under Section

1692k(d) because both alleged FDCPA violations "occurred" more than one year

before Benzemann filed suit on December 14, 2012. To the extent Benzemann

premised an FDCPA claim on the first alleged violation—the violation related to

6

the April 30, 2008 freeze—the district court correctly found that any such claim is time-barred. But whether Benzemann's claim premised on the second alleged violation is time-barred presents a more difficult question. The district court held that any claim against Houslanger premised on this second violation was time-barred because, in its view, Houslanger's alleged FDCPA violation "occurred" on December 6, 2011, the date Houslanger is alleged to have sent the restraining notice. Benzemann contends that his suit against Houslanger was timely because the FDCPA violation did not "occur" until Citibank froze Benzemann's bank account on or about December 14, 2011.

In finding that Houslanger's FDCPA violation occurred when Houslanger sent the restraining notice to Citibank, the district court distinguished the violation allegedly committed by Houslanger from the violation allegedly committed by Citibank. The court noted that Citibank allegedly committed a violation by freezing Benzemann's bank account, but that Houslanger allegedly committed a violation by sending Citibank the purported "false, deceptive, or misleading representation" in the form of the restraining notice. "Therefore," the court concluded, "the Houslanger defendants' last potential violation of the FDCPA was their transmission of the second restraining notice to Citibank, and

7

this event occurred on the date when the notice was mailed: December 6, 2011."
*Benzemann v. Citibank N.A.*, No. 12 CIV. 9145 (NRB), 2014 WL 2933140, at *7
(S.D.N.Y. June 27, 2014).

The problem with this approach is that it creates an anomaly: the FDCPA claim accrues at one time for the purpose of calculating when the statute of limitations begins to run, but at another time for the purpose of bringing suit. It is a "general principle[] of law" that "a cause of action accrues when conduct that invades the rights of another has caused injury. When the injury occurs, the injured party has the right to bring suit for all of the damages, past, present and future, caused by the defendant's acts." *Leonhard v. United States*, 633 F.2d 599, 613 (2d Cir. 1980). Before Citibank froze Benzemann's account, Benzemann had suffered no injury. *Cf. Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992) (noting that, in context of allegedly unlawful debt collection notices, the "harm does not occur until receipt of the collection notice"). Thus, as counsel for Houslanger conceded at oral argument, Benzemann could not have sued Houslanger before Citibank froze his account. Before that time, he had no "complete and present cause of action" against Houslanger. *See Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445–46, 448 (5th Cir. 2013) (in

context of allegedly unlawful debt collection suit, holding that plaintiff's cause of action accrues when defendant effects service, not when she files a lawsuit; "no harm immediately occurs" because of filing alone). The district court's holding, then, produces this result: by the time Benzemann was able to file suit on December 14, 2011, the statute of limitations had been running for eight days.

The Supreme Court teaches that courts should avoid interpreting statutes of limitations in a way that creates such an anomaly. *See, e.g.*, *Reiter v. Cooper*, 507 U.S. 258, 267 (1993) ("While it is theoretically possible for a statute to create a cause of action that accrues at one time for the purpose of calculating when the statute of limitations begins to run, but at another time for the purpose of bringing suit, we will not infer such an odd result in the absence of any such indication in the statute."); *see also Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of California, Inc.*, 522 U.S. 192, 201 (1997) ("Unless Congress has told us otherwise in the legislation at issue, a cause of action does not become 'complete and present' for limitations purposes until the plaintiff can file suit and obtain relief."). We see no indication in the text of Section 1692k(d) that Congress intended for the FDCPA's statute of limitations to begin to run before an FDCPA

plaintiff could file suit. We find it implausible that the Congress that passed the FDCPA intended to create such an anomalous result.

There are further problems with the view that Section 1692k(d)'s limitations period begins to run as soon as the restraining notice is sent. Benzemann could not have known that Houslanger sent the allegedly unlawful notice until, at the earliest, his account was frozen. Moreover, Benzemann contends that he did not learn about the allegedly unlawful notice until December 14, 2011. In *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002), the Tenth Circuit expressed a similar concern in the context of allegedly unlawful debt collection suits. *Id.* at 1113. In holding that an FDCPA violation "occurs" in that context when the plaintiff is served, as opposed to when the complaint is filed, the court noted that if the statute of limitations began to run when the complaint was filed, the debt collector "could effectively block any action under the federal statute by filing suit and then delaying service." *Id.* at 1114. Here, there is a similar concern that linking the statute of limitations to the sending of the restraining notice would shorten the already limited amount of time that FDCPA plaintiffs have to file suit. In this case, for example, Citibank did not freeze Benzemann's account until eight days after receiving the restraining notice from

10

Houslanger. It is not difficult to imagine that in future cases, the various internal processes and bureaucracies of banking institutions might create an even longer delay.

In addition to *Johnson*, the Fifth Circuit's decision in *Serna* further supports our view that the FDCPA violation did not occur here until Citibank froze Benzemann's account. In *Serna*, as in *Johnson*, the court held that the FDCPA violation occurred when the debtor was served, not when the allegedly unlawful lawsuit was filed. 732 F.3d at 445. In reaching this conclusion, the *Serna* court stressed that tying the running of the statute of limitations to an event that would give the debtor notice of an injury "best served" the FDCPA's "remedial nature" because this approach "(1) most directly focuses on the harm Congress sought to remedy through the FDCPA, and (2) best preserves the availability of relief for consumers." *Id.* The court noted that "tying a violation to the mere filing of a complaint does not serve the statute's remedial purpose," because "no harm immediately occurs" upon the filing of the complaint. *Id.* The court further noted that its approach "ensures that a consumer has adequate opportunity to seek relief under the FDCPA." *Id.* at 446.

11

Here, the sending of the restraining notice is analogous to the filing of a complaint. In both cases, one might argue that the debt collector's conduct is a "violation" of the FDCPA in and of itself. But the *Serna* and *Johnson* courts nevertheless held that the FDCPA violation did not "occur" for purposes of Section 1692k(d) until the plaintiff had a complete cause of action under the FDPCA and notice of the violation, *i.e.*, when the plaintiff was served. By analogy, the FDCPA violation here did not "occur" until Citibank froze Benzemann's account because it was only then that he had a complete cause of action and notice of the FDCPA violation.

We recognize that, in the context of FDCPA claims premised on the sending of unlawful debt collection notices, two of our sister circuits have held that the FDCPA violation "occurs" when the notice is mailed, not when it is received. *See Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995); *Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 261(8th Cir. 1992). But the concerns that animated the *Maloy* and *Mattson* decisions are not present in this case. Those courts reasoned that tying the statute of limitations to the date of mailing was necessary because (1) mailing is the debt collector's last opportunity to comply with the FDCPA and (2) the date of the mailing is easy to determine and ascertainable by

12

each party, yielding a rule that is easy to apply. *Maloy*, 64 F.3d at 608; *Mattson*, 967 F.2d at 261. But in the context of a bank account freeze, the mailing of the restraining notice is not the "last opportunity" for a debt collector to comply with the FDCPA. Houslanger had a last opportunity to comply with the FDCPA after he sent the restraining notice by contacting Citibank and requesting that it not freeze Benzemann's account. *See Johnson*, 305 F.3d at 1114 n.4 (noting that filing suit is not "last opportunity" to comply with FDCPA because creditor could contact an intermediary—the process server—and request that it not serve the debtor); *Serna*, 732 F.3d at 448 n.16 (same). Moreover, it is no easier to ascertain the date of the mailing of the restraining notice than the date of the freeze itself, which one can ascertain by simply looking at bank records. Thus, the reasoning that the *Maloy* and *Mattson* courts applied in the context of debt collection notices is simply inapplicable here.[1]

---

[1] More fundamentally, we question whether these cases meaningfully confront the rule that "[u]nless Congress has told us otherwise in the legislation at issue, a cause of action does not become 'complete and present' for limitations purposes until the plaintiff can file suit and obtain relief." *Bay Area Laundry*, 522 U.S. at 201. Neither case contains an acknowledgement that, under the court's reading of the statute, the plaintiff's limitations clock was ticking before the plaintiff was able to file suit. For this reason, too, we think our disposition of this case sound despite the results reached in *Maloy* and *Mattson*.

13

We thus conclude that the district court erred in finding that the FDCPA violation "occurred" when Houslanger sent the restraining notice. We hold instead that where a debt collector sends an allegedly unlawful restraining notice to a bank, the FDCPA violation does not "occur" for purposes of Section 1692k(d) until the bank freezes the debtor's account. Here, the record is unclear as to when the freeze actually took place. The complaint alleges that Citibank froze Benzemann's account "on or about December 14, 2011," which would render Benzemann's suit timely. But at oral argument before the district court, Benzemann's counsel indicated that the freeze may have actually been imposed on December 13, 2011. Because of the uncertainty surrounding the date of the freeze, we remand the case to the district court for whatever further proceedings are necessary to resolve this issue.[2]

---

[2] Given our disposition of this issue, we need not address Benzemann's alternative argument that his claim was timely because Section 1692k(d) is subject to the "discovery rule" of federal common law. *See Serna*, 732 F.3d at 446 n.12 ("Importantly, we need not and do not decide whether a discovery rule applies to § 1692k(d)'s one-year limitations period."); *Johnson*, 305 F.3d at 1113 n.3 ("Given our disposition of this issue, it is unnecessary for us to consider whether a discovery rule applies to the FDCPA statute of limitations."). *But see Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 941 (9th Cir. 2009) (holding that the FDCPA's limitations period is subject to the discovery rule). If the district court were to find, however, that the freeze occurred on December 13, 2011, it would then need to determine whether the discovery rule applies.

**CONCLUSION**

For the foregoing reasons, we vacate the judgment of the district court insofar as it dismissed Benzemann's claims against Houslanger and his law firm under the FDCPA and remand for further proceedings consistent with this opinion. Because the district court dismissed Benzemann's pendent state law claims only because it dismissed all federal claims, we also vacate the dismissal of the state law claims. For the reasons given in the accompanying summary order, we affirm the judgment of the district court insofar as it (1) dismissed Benzemann's claims against Houslanger and his law firm under 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment and (2) compelled arbitration of and dismissed Benzemann's claims against Citibank.