16-1264-cv
McCrobie v. Palisades et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand sixteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.
> NICHOLAS G. GARAUFIS,
> *District Judge.**

---

Christopher McCrobie,

*Plaintiff-Appellant*,

v.                                                    No. 16-1264-cv

Palisades Acquisition XVI, LLC, Houslanger & Associates, PLLC, Todd E. Houslanger,

*Defendants-Appellees.*

---

FOR APPELLANT:                    JONATHAN R. MILLER, Brian L. Bromberg, Bromberg Law Office, P.C., New York, NY, Kenneth R. Hiller, Law Offices of Kenneth Hiller, PLLC, Amherst, NY.

FOR APPELLEE PALISADES
ACQUISITION XVI, LLC:             SCOTT EVAN WORTMAN, Hilary Korman, Warshaw Burstein LLP, New York, NY.

---

* Judge Nicholas G. Garaufis, United States District Court for the Eastern District of New York, sitting by designation.

**FOR APPELLEES HOUSLANGER & ASSOCIATES, PLLC and TODD E. HOUSLANGER:**        ROBERT L. ARLEO, Robert L. Arleo, Esq., P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Curtin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **REVERSED** in part.

Plaintiff-Appellant Christopher McCrobie appeals from the district court's decision dismissing his first amended complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Waiver

As an initial matter, we address the Defendants' contention that the Plaintiff's arguments should be deemed waived on appeal because the Plaintiff failed to oppose the motion to dismiss in the district court. As the Plaintiff correctly notes, all of the arguments he makes on appeal were, in fact, presented to the district court in his motion to amend the complaint and his reply memorandum in support of that motion. And, in any case, the Defendants cite to no relevant case law supporting the proposition that argument opposing dismissal for lack of jurisdiction would be waived even if raised for the first time on appeal. The Defendants' argument on this point is therefore without merit.

2

## II. Procedural Posture

Because it decided the matter on jurisdictional grounds, the district court did not reach most of the many other arguments raised by the parties. The parties have nevertheless briefed those arguments in this appeal, and they invite us to rule on them. "It is our settled practice to allow the district court to address arguments in the first instance." *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (quoting *Farricielli v. Holbrook*, 215 F.3d 241, 246 (2d Cir. 2000) (per curiam)). We address only the points ruled on by the district court. In light of our determination, explained herein, that the district court erred in applying the *Rooker-Feldman* doctrine, we remand this matter to the district court so that it can consider in the first instance the parties' remaining arguments. The decision below and the record before us do permit us to review the district court's ruling on the statute of limitations, which we affirm.

## III. The *Rooker-Feldman* Doctrine

We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005).

The *Rooker-Feldman* doctrine "bars the federal courts from exercising jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94 (2d Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine applies when the following four requirements are satisfied:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite

3

district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced.

*Id.* (quoting *Hoblock*, 422 F.3d at 85). Here, the Plaintiff disputes that his case meets the second and third requirements, arguing that the injuries he alleges in this suit were not caused by the state-court judgment and that the present action does not invite review of the state-court judgment.

The third requirement alone is dispositive here. The Plaintiff is not asking the federal courts to overturn the underlying state-court judgment. Rather, he is alleging that the Defendants' conduct in their attempts to collect on that judgment violated a federal statute and, as a result, that he is entitled to money damages. Ruling on the question of whether the Defendants violated the FDCPA does not, in most cases, require review of the state-court judgment. The underlying state-court judgment can be perfectly valid, and the Defendants can still have violated the FDCPA by making false, deceptive, or misleading communications or using unfair or unconscionable means in the course of attempting to collect on the judgment. Here, the Plaintiff's allegations relate to the representations the Defendants made to him about the state court default judgment. The question of whether representations contained in the Defendants' income execution form were legally deficient at the time they were made is not the same as questioning whether the state court's original default judgment has continuing legal validity. Pursuing claims for violations implicit in the former does not constitute an attack on the latter. Because the third *Rooker-Feldman* requirement is not satisfied in this case, the *Rooker-Feldman* doctrine does not preclude subject matter jurisdiction.

4

## IV.   Statute of Limitations

"We review de novo a district court's grant of a motion to dismiss, including its legal interpretation and application of a statute of limitations[.]" *Deutsche Bank Nat. Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015).

The district court correctly concluded that the earliest possible accrual date of the FDCPA claims at issue here was August 28, 2014, when the Houslanger firm issued the income execution. The Plaintiff brought the present suit on January 6, 2015. The earliest possible accrual date is well within the limitations period.

The Defendants argue that the accrual date can be no later than March 8, 2007, the date on which the default judgment was entered against the Plaintiff in the underlying state court collection proceeding. This argument, in addition to being contrary to logic, is foreclosed by precedent. In *Benzemann v. Citibank N.A.*, we held that an FDCPA violation only occurs when a plaintiff has both a complete cause of action and notice of the FDCPA violation. 806 F.3d 98, 102-03 (2d Cir. 2015). We observed in that case that this means the statute will often begin to run *after* the date on which the allegedly deceptive debt collection notice was mailed, *id.*, but, at a minimum, a plaintiff's FDCPA cause of action cannot begin to run before the alleged violations themselves were committed, as the Defendants ask us to hold here.

For the reasons set forth herein, the judgment of the district court is **AFFIRMED** with respect to its ruling on the statute of limitations and **REVERSED** with respect to its ruling that the *Rooker-Feldman* doctrine deprived it of subject matter jurisdiction. This matter is **REMANDED** to the district court to address the parties' remaining arguments in the first instance.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5