Frankel v J.P. Morgan Chase & Co. (2021 NY Slip Op 02135)





Frankel v J.P. Morgan Chase & Co.


2021 NY Slip Op 02135


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-00165
 (Index No. 709241/16)

[*1]Larry S. Frankel, etc., et al., plaintiffs, Bernard Gelb, et al., appellants,
v J.P. Morgan Chase & Co., et al., respondents.


The Engel Law Group, PLLC, New York, NY (Adam E. Engel of counsel), for appellants.
Simpson Thacher & Bartlett LLP, New York, NY (Paul C. Curnin and Linton Mann III of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraudulent misrepresentation, the plaintiffs Bernard Gelb and Unclaimed Property Recovery Service, Inc., appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered November 17, 2017. The order, insofar as appealed from, upon renewal and reargument, in effect, adhered to a prior determination in an order of the same court entered April 17, 2017, granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the second amended complaint.
ORDERED that the order entered November 17, 2017, is affirmed insofar as appealed from, with costs.
In 2008, the plaintiffs Bernard Gelb and Unclaimed Property Recovery Service, Inc. (hereinafter together the plaintiffs), along with other individuals, commenced this proposed class action against the defendant J.P. Morgan Chase & Co. and related entities. The plaintiffs filed a second amended complaint in 2016 alleging various causes of action against the defendants, including breach of contract, breach of fiduciary duty, and fraudulent misrepresentation. The plaintiffs alleged that they represented two classes. The first class was comprised of bond issuers such as states, cities, municipalities, and corporations. These bond issuers allegedly entered into bond-paying agreements with the defendants, and were charged fees for services related to those agreements, which the defendants, acting as a bond transfer and paying agents, allegedly did not perform. The second class was comprised of all asset finders, asset locators, unclaimed property recovery services, heir-finders, and asset tracers, including the plaintiffs (hereinafter collectively the property finders), who, based upon the alleged fraudulent conduct of the defendants, suffered significant monetary loss by being deprived of the ability to assist the public in finding and redeeming unclaimed bonds. After issue was joined, the defendants moved pursuant to CPLR 3211(a) to dismiss the second amended complaint. The Supreme Court granted this motion upon the plaintiffs' default. Thereafter, the plaintiffs moved, inter alia, pursuant to CPLR 5015 to vacate their default and pursuant to CPLR 2221 to renew and reargue with respect to the motion to dismiss.
In an order entered November 17, 2017, the Supreme Court, among other things, granted those branches of the plaintiffs' motion which were to vacate their default and for leave to renew and reargue with respect to the defendants' motion. However, upon renewal and reargument, the court, in effect, adhered to its prior determination granting the defendants' motion, finding, inter alia, that the plaintiffs lacked standing to maintain the action. The plaintiffs appeal.
Standing is a threshold determination that a person should be allowed access to the courts to adjudicate the merits of a particular dispute (see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6; Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769; Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d 942). A party has the "burden of establishing both an injury-in-fact and that the asserted injury is within the zone of interests sought to be protected by the statute alleged to have been violated" (Matter of CPD NY Energy Corp. v Town of Poughkeepsie Planning Bd., 139 AD3d at 943 [internal quotation marks omitted]; see Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d at 6). To confer standing, a claimed injury may not depend upon speculation about what might occur in the future, but must consist of cognizable harm, meaning that a plaintiff has been or will be injured (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 214).
Here, the plaintiffs' claims of injury-in-fact as property finders rely upon events that might not have occurred and are too speculative to demonstrate "concrete injury fulfilling the requirement of standing" (Matter of Town of E. Hampton v State of New York, 263 AD2d 94, 96; see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d at 214-215; Matter of Brennan Ctr. for Justice at NYU Sch. of Law v New York State Bd. of Elections, 159 AD3d 1299, 1301). Furthermore, the plaintiffs did not have standing to raise the causes of action on behalf of the bond issuers. "The procedural device of a class action may not be used to bootstrap a plaintiff into standing which is otherwise lacking" (Murray v Empire Ins. Co., 175 AD2d 693, 695; see Weiner v Bank of King of Prussia, 358 F Supp 684, 694 [ED Pa]). The plaintiffs lack standing to interpose the causes of action alleged on behalf of the bond issuers as they are not a member of that class and were not injured as a result of the defendants' actions in handling and accounting for the bonds.
The plaintiffs' remaining contentions are without merit.
Accordingly, upon renewal and reargument, the Supreme Court properly adhered to its prior determination granting the defendants' motion to dismiss.
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court