Matter of Khatun v Hertz (2024 NY Slip Op 03690)

Matter of Khatun v Hertz

2024 NY Slip Op 03690

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-04169
 (Index No. 726860/22)

[*1]In the Matter of Asfia Khatun, respondent, 
v
Gerald M. Hertz, etc., et al., appellants.

Gerald M. Hertz, PLLC, Great Neck, NY (Gerald M. Hertz pro se of counsel) and for appellants.
Andrew Moulinos, Astoria, NY, for respondent.

DECISION & ORDER
In a proceeding to cancel a notice of pendency on real property, Gerald M. Hertz and Mashud Reza appeal from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered March 22, 2023. The order, insofar as appealed from, denied their motion to dismiss the petition, granted the petition, and awarded the petitioner costs in the sum of $4,500 pursuant to CPLR 6514(c).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion to dismiss is granted, the petition is denied, and the proceeding is dismissed.
This proceeding involves real property that was subject to a partnership liquidation dispute brought in the United States District Court for the Eastern District of New York. The petitioner commenced this proceeding to cancel two notices of pendency filed on the subject property in conjunction with the federal action and to recover costs pursuant to CPLR 6514(c). The appellants moved to dismiss the petition, contending, inter alia, that the petitioner is not the owner of the subject property. The Supreme Court denied the motion to dismiss, granted the petition, and awarded the petitioner costs in the sum of $4,500 pursuant to CPLR 6514(c). This appeal ensued.
"Standing is a threshold determination that a person should be allowed access to the courts to adjudicate the merits of a particular dispute" (Frankel v J.P. Morgan Chase & Co., 193 AD3d 689, 690). The petitioner here does not have standing to object to the validity of the notices of pendency since she is not a "person aggrieved" by the filings (CPLR 6514[a]). A party may not continue a proceeding to cancel a notice of pendency when that party has been divested of all relevant legal interest in the subject property (see Temple Bnai Shalom of Great Neck v Village of Great Neck Estates, 32 AD3d 391, 392; Matter of Commercial Bank of Informatics & Computing Technique Dev. Bank Informtechnika v Ostashko, 274 AD2d 516, 517). Having failed to establish standing to bring this proceeding in the first instance, the petitioner is not entitled to costs pursuant to CPLR 6514(c). Accordingly, the motion to dismiss should have been granted, the petition denied, and the proceeding dismissed.
In light of this determination, the parties' remaining contentions need not be reached.
IANNACCI, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court