Gregg v SN Servicing Corp. (2025 NY Slip Op 05672)

Gregg v SN Servicing Corp.

2025 NY Slip Op 05672

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2024-01769
 (Index No. 707588/23)

[*1]Sylvester Gregg, etc., appellant, 
v
SN Servicing Corporation, etc., et al., respondents.

Schlanger Law Group, LLP, New York, NY (Evan S. Rothfarb and Daniel A. Schlanger of counsel), for appellant.
Maurice Wutscher, LLP, New York, NY (Thomas R. Dominczyk of counsel), for respondents.

DECISION & ORDER
In a putative class action for declaratory relief and to recover damages pursuant to the Fair Debt Collection Practices Act (15 USC § 1692 et seq.) and General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered November 17, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In April 2010, the United States Bankruptcy Court for the Eastern District of New York issued an order discharging the plaintiff from any personal liability for a certain mortgage loan he had taken out in October 2006. Thereafter, by letter dated May 13, 2020, the defendant SN Servicing Corporation (hereinafter SNSC), the servicer for the mortgage loan, advised the plaintiff that it believed the statute of limitations to sue to collect such debt may have expired. By letter dated May 15, 2020, SNSC advised the plaintiff that the debt on the mortgage loan totaled $142,276.82. Both letters included a disclaimer that if the plaintiff had received a discharge in bankruptcy from any personal liability for such debt, then the notice was not intended as a demand for payment, and SNSC would not proceed against him personally to collect such debt but the security interest given for such debt may still be retained by the holder.
In April 2023, the plaintiff commenced this putative class action on behalf of himself and all others similarly situated against SNSC and the defendant Security National Master Holding Company, LLC, for declaratory relief and alleging violations of the Fair Debt Collection Practices Act (FDCPA) (15 USC § 1692 et seq.) and General Business Law § 349. The complaint alleged, inter alia, that the defendants had made a deceptive demand for payment of the loan debt. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint, contending, among other things, that the plaintiff lacked standing. In an order entered November 17, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"Under the common law, . . . a 'court has no inherent power to right a wrong unless thereby the civil, property or personal rights of the plaintiff in the action or the petitioner in the [*2]proceeding are affected'" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772, quoting Schieffelin v Komfort, 212 NY 520, 530). "'A plaintiff has standing to maintain an action upon alleging an injury in fact that falls within his or her zone of interest'" (Estate of Kraft v Kraft, 220 AD3d 748, 750, quoting Silver v Pataki, 96 NY2d 532, 539; see Frankel v J.P. Morgan Chase & Co., 193 AD3d 689, 690). "The injury-in-fact requirement necessitates a showing that the party has an actual legal stake in the matter being adjudicated and has suffered a cognizable harm that is not tenuous, ephemeral, or conjectural but is sufficiently concrete and particularized to warrant judicial intervention" (Matter of Festa v Town of Oyster Bay, 210 AD3d 678, 679-680 [internal quotation marks omitted]; see Frankel v J.P. Morgan Chase & Co., 193 AD3d at 690).
"The Fair Debt Collection Practices Act . . . imposes civil liability on debt collectors for certain prohibited debt collection practices" (Jerman v Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 US 573, 576 [alteration and internal quotation marks omitted]). The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses" (15 USC § 1692[e]). "To accomplish these goals, the FDCPA creates a private right of action for debtors who have been harmed by abusive debt collection practices" (Benzemann v Citibank N.A., 806 F3d 98, 100 [2d Cir]). Under 15 USC § 1692e, debt collectors may not use "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." Under 15 USC § 1692f, debt collectors "may not use unfair or unconscionable means to collect or attempt to collect any debt."
"General Business Law § 349(a) declares unlawful '[d]eceptive acts or practices in the conduct of any business'" (City of New York v Smokes-Spirits.Com, Inc., 12 NY3d 616, 621, quoting General Business Law § 349[a]). "A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act" (Stutman v Chemical Bank, 95 NY2d 24, 29; see HSBC Bank USA, N.A. v Lien Thi Ngo, 197 AD3d 1102, 1104).
Here, the defendants established, prima facie, that the plaintiff lacked standing to commence this action by submitting the complaint, which failed to allege that the plaintiff relied upon the defendants' alleged deceptive conduct to his detriment or suffered an actual harm or injury as a result of the defendants' alleged deceptive conduct (see Stutman v Chemical Bank, 95 NY2d at 29; Benzemann v Citibank N.A., 806 F3d at 100; see also Sizova v Union Mut. Fire Ins. Co., 217 AD3d 1007, 1008; Frankel v J.P. Morgan Chase & Co., 193 AD3d at 690). In opposition, the plaintiff failed to raise a question of fact (see Sizova v Union Mut. Fire Ins. Co., 217 AD3d at 1008; Frankel v J.P. Morgan Chase & Co., 193 AD3d at 690). Contrary to the plaintiff's contention, he does not possess statutory standing separate and distinct from common-law standing irrespective of his failure to allege an injury-in-fact (see TransUnion LLC v Ramirez, 594 US 413; Matter of Harkenrider v Hochul, 38 NY3d 494, 508; Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 5).
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
The plaintiff's remaining contentions need not be reached in light of our determination.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court