Terkeltaub v Credit Control Servs., Inc. (2025 NY Slip Op 06352)

Terkeltaub v Credit Control Servs., Inc.

2025 NY Slip Op 06352

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-05919
 (Index No. 508329/23)

[*1]Tzirel Terkeltaub, respondent, 
v
Credit Control Services, Inc., etc., appellant.

Messer Strickler Burnette, Ltd., Huntington, NY (Matthew B. Johnson of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for violations of the Fair Debt Collection Practices Act (15 USC § 1692 et seq.), the defendant appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 5, 2024. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff commenced this action to recover damages for violations of the Fair Debt Collection Practices Act (FDCPA) (15 USC § 1692 et seq.), alleging that the defendant, a debt collector, had sent her misleading letters seeking to collect a purported debt owed by her to Quest Diagnostics, Incorporated, for services rendered that, as a Medicaid recipient, she did not legally owe. The plaintiff sought to recover statutory damages in the sum of $1,000, plus costs and attorneys' fees under the FDCPA.
The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint for lack of standing, among other grounds. The Supreme Court denied the motion. The defendant appeals.
"Standing is a threshold determination . . . that a person should be allowed access to the courts to adjudicate the merits of a particular dispute that satisfies the other justiciability criteria" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769; see Frankel v J.P. Morgan Chase & Co., 193 AD3d 689, 690). In order to have standing, the plaintiff was required to have suffered an injury-in-fact (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211; Society of Plastics Indus. v County of Suffolk, 77 NY2d at 772-773). "The injury-in-fact requirement necessitates a showing that the party has an actual legal stake in the matter being adjudicated and has suffered a cognizable harm that is not tenuous, ephemeral, or conjectural but is sufficiently concrete and particularized to warrant judicial intervention" (Matter of Mental Hygiene Legal Serv. v Daniels, 33 NY3d 44, 50 [citation and internal quotation marks omitted]; see Frankel v J.P. Morgan Chase & Co., 193 AD3d at 690).
Here, the plaintiff failed to allege that she suffered an injury-in-fact as the result of the defendant's alleged violations of the FDCPA (see Warren v Halsted Fin. Servs., LLC, 85 Misc 3d 26 [App Term, 2d Dept, 9th & 10th Jud Dists]; Biener v Credit Control Servs., Inc., 2023 WL [*2]2504733, 2023 US Dist LEXIS 42954 [SD NY, No. 21-CV-2809 (KMK)]; cf. Shorts v Cedars Bus. Servs., LLC, 767 F Supp 3d 96 [SD NY]). As such, the plaintiff lacked standing to commence this action, and the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court